**In re the Marriage of Kathleen Anne JONEJA, Petitioner, Appellant,**

v.

**Raj JONEJA, Respondent.**

**No. C1–87–1715.**

Court of Appeals of Minnesota.

April 26, 1988.

M. Sue Wilson, Wilson & Pomerene, Minneapolis, for appellant.

Edward L. Winer, Moss & Barnett, Minneapolis, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Kathleen Anne Joneja commenced this action to modify the original dissolution decree seeking an increase in child support and spousal maintenance. In addition, appellant sought a reapportionment of the tax dependency exemptions and the homestead lien interest. Appellant was granted an increase in child support, but was denied all other requested modifications. This appeal follows.

## FACTS

The parties were married December 29, 1972, and separated in the fall of 1978. On July 6, 1981, the parties, represented by counsel entered into a stipulation regarding the dissolution of their marriage. A judgment and decree incorporating their stipulation was entered on November 10, 1981.

Pursuant to the stipulation, appellant has primary physical custody of the parties' two minor daughters, Tina Joy Joneja, age 14, and Kim Alan Joneja, age 11. In addition to awarding custody, the judgment and decree provided respondent pay $2,400.00 each month to appellant for spousal maintenance and $600.00 each month for child support.

The parties agree respondent has enjoyed significant increases in his income. In 1973 respondent's gross annual income was $12,783.00. In 1978 respondent's gross income had risen to $51,684.00. At the time dissolution judgment was entered respondent's income was $139,000 per year. Currently, respondent's earnings exceed $330,000.00 per year.

Prior to and during the marriage, appellant was employed as a music instructor. Appellant has a Bachelor's Degree in voice with a minor in piano. In addition, appellant has received advanced voice instruction in Salzberg, Austria, and Frankfort, Germany.

In December 1986, appellant brought a motion to modify the judgment and decree in several respects including increasing spousal maintenance and child support obligations, modifying respondent's lien interest in the parties' homestead and reapportioning the dependency tax exemptions. The matter was heard by a family court referee on April 13, 1987. The referee entered an order which amended the November 10, 1981, judgment and decree. The order provides: (1) respondent's child support obligation be increased to maximum guideline level of $1,200.00 per month, (2) respondent pay for the children's private schooling expenses, (3) respondent maintain appropriate health insurance for the minor children, and (4) respondent maintain life insurance coverage with appellant and the minor children as beneficiaries. In addition, respondent was ordered to pay consulting and psychologist fees, as well as $750.00 for appellant's attorney fees. Respondent is allowed to continue to claim the tax dependency exemptions for the two minor children.

Subsequently, appellant moved for a review of the order. Arguments were heard by a judge of the district court, family court division, Hennepin County. The judge's order affirmed the referee's order.

## ISSUES

1. Did the trial court abuse its discretion in setting the amount of child support?

2. Was the trial court's refusal to modify the parties' stipulated maintenance award within its discretion?

3. Did the trial court abuse its discretion when it denied modification of the distribution of the tax exemptions for the minor children?

4. Did the trial court err in determining a provision in the judgment and decree awarding respondent a lien, constituted a property division and as such could not be modified without a showing of fraud or mistake?

5. Did the trial court err in requiring respondent to pay the minor children's education expenses without clarifying what those expenses are?

## ANALYSIS

1. Child Support.

▆ Trial courts are accorded broad discretion in setting child support, and an appellate court will find an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on the record." *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)).

One aspect of this case involves application of the child support guidelines where the obligor's net monthly income exceeds the upper limit established by the legislature. *See* Minn.Stat. § 518.551, subd. 5(a). The statutory child support guidelines are a starting point for the determination of a support award. *Moylan*, 384 N.W.2d at 863.

Modification of a support order may be obtained if the moving party shows one of

the four factors set out in Minn.Stat. § 518.64, subd. 2:

(1) Substantially increased or decreased earnings of a party;

(2) Substantially increased or decreased need of a party;

(3) Receipt of assistance under Sections 256.72 to 256.87; or

(4) A change in the cost of living for either party as measured by the Federal Bureau of Statistics.

This statute demonstrates in order to merit a modification under Minn.Stat. § 518.64, one must show "a substantial change of circumstances from those existing at the time of the dissolution * * *.", at the time the award was last modified. *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn. 1980); *Blomgren v. Blomgren*, 386 N.W.2d 378, 380 (Minn.Ct.App.1986).

Neither party denies respondent has had a change in circumstances warranting modification of support. Respondent's earnings have substantially increased since entry of the original judgment and decree. In addition, the parties agree the needs of the children have increased. This court recognized in *Chapman v. Chapman*, 352 N.W.2d 437, (Minn.Ct.App.1984), that children's needs increase with their increased age. Thus, the trial court correctly found the level of child support established in the original judgment and decree was unreasonable and unfair.

Appellant argues the trial court erred in determining the appropriate amount of the increase for child support. Appellant contends the trial court failed to take into account respondent's standard of living.

In *Thompson v. Newman*, 383 N.W.2d 713 (Minn.Ct.App.1986), this court held the intent of the standard of living factor "is that a child is entitled to enjoy the benefits of the incomes of both parents." *Id.* at 716.

In this case, the trial court's findings address not only the father's income, but also the mother's living circumstances, and the children's personal needs. The trial court's findings indicate that the court considered:

[R]espondent's net monthly income, the reasonable needs of the minor children, including their special education needs, the factors set forth in Minn.Stat. § 518.551, subd. 5(6) (1986), the statutory child support guidelines and the factors they take into account, and the standard of living the minor children would have enjoyed had the marriage not been dissolved.

This demonstrates the trial court considered appropriate needs including the "reasonable" needs of the children and the standard of living they were entitled to share. Based on these considerations, the trial court increased respondent's child support obligation to $1,200. In addition to the support of $1,200 per month, respondent was ordered to assume the minor children's private school expenses of approximately $1,200 per month. This in combination with the $1,200 per month child support obligation, brings respondent's total child support obligation per month to approximately $2,400 or double the guideline amount.

Examination of the trial court's findings satisfies the requirements of Minn.Stat. § 518.551, subds. (5)(6) and demonstrates the trial court exercised its discretion within appropriate limits. If the child support determinations have a reasonable basis in fact, they must be affirmed. *Bollenbach v. Bollenbach*, 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970).

2. Spousal Maintenance.

The appellate standard in reviewing spousal maintenance awards is whether the trial court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). There is an abuse of discretion where the trial court comes to a clearly erroneous conclusion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). A trial court has wide discretion in determining spousal maintenance. *Haasken v. Haasken*, 396 N.W.2d 253, 259 (Minn.Ct.App. 1986). Each case must be decided on its own facts. *Broms v. Broms*, 353 N.W.2d 135, 138 (Minn.1984). The basic issue is balancing the needs of the spouse receiving

maintenance against the financial condition of the spouse providing maintenance. *See Erlandson,* 318 N.W.2d at 39–40.

■ Appellant argues the trial court erred in not modifying the original maintenance stipulation as a result of her increased financial need. Where the original maintenance obligation was the result of a stipulation, appellate courts have held that upon a motion for modification the moving party's burden becomes more difficult. In *Claybaugh v. Claybaugh,* 312 N.W.2d 447 (Minn.1981), the supreme court stated:

> When a stipulation fixing the respective rights and obligations of the parties is essential to the award, the trial court reviewing the original order or decree should view it as an important element because it represents the parties voluntary acquiescence in an equitable settlement. Although the trial court is vested with broad discretion to determine the property of the modification, we have suggested that the trial courts exercise that discretion carefully and only reluctantly alter the terms of the stipulation governing maintenance.

*Id.* at 449. This is not to say that this court cannot modify a stipulation regarding maintenance. In *Sand v. Sand,* 379 N.W.2d 119 (Minn.Ct.App.1985), this court stated a stipulation does not prevent subsequent modification.

> The authority to modify a dissolution decree is not dependent on the existence of a stipulation but rather on a proper showing of a substantial change in circumstances that make the terms of the decree unreasonable and unfair.

*Id.* at 125. The trial court did not abuse its discretion in failing to modify spousal maintenance. The findings denying modification address appropriate factors as set forth in Minn.Stat. § 518.64, subd. 2 (1986), are reasonable and well-grounded in fact. *See Bollenbach v. Bollenbach,* 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970).

3. Dependency Exemption.

The standard of review for dissolution orders is clear. A reviewing court will only overturn the trial court's decision regarding distribution of property on a showing it has abused its discretion.

■ In *Greeler v. Greeler,* 368 N.W.2d 2 (Minn.App.Ct.1985) this court held tax dependency exemptions may be modified in accordance with Minn.Stat. § 518.64. The trial court did not abuse its discretion in maintaining the tax dependency exemption with the respondent.[1]

4. Respondent's Lien on the Homestead.

■ Minn.Stat. § 518.64, subd. 2, provides in part:

> Except for an award of the right of occupancy of the homestead, * * * all divisions of real and personal property provided by this section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify re-opening a judgment under the laws of this state.

Minnesota courts have held conditions applicable to reopening a judgment to modify a property division are where the moving party makes an affirmative showing of mistake or fraud. *Kaiser v. Kaiser* 290 Minn. 173, 186 N.W.2d 678 (1971). The trial court did not err in refusing to modify the parties' homestead lien interest at this time.

5. Children's Private Schooling Expenses.

■ Finally, it was not error for the trial court to find there was no need at this time for additional specificity in its order requiring respondent to pay for "reasonable private schooling expenses."

### DECISION

The trial court's determinations are affirmed.

Affirmed.

CRIPPEN, J., dissents.

---

1. This court takes note of respondent's statement that if under the Tax Reform Act, the dependency exemption no longer represents a benefit, he will voluntarily transfer the exemption to appellant.

CRIPPEN, Judge, dissenting.

1. Standard of review.

Examining the trial court's exercise of discretion, we must decide "whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). As to the trial court's child support determination, the subject of this opinion, the case turns on the question whether the trial court's findings sustain its conclusions. Part of this review concerns the trial court's exercise of judgment in the circumstances of the case. In addition, however, it must be determined whether the trial court findings adequately address critical factors; this is the determinative question on appeal of the child support decision.

2. The standard of law and the trial court's findings of fact.

The modified support award should be sufficient to meet the needs of the children. Minn.Stat. § 518.551, subd. 5(b)(2) (1986); *see id.*, § 518.64, subd. 2 (1986) (trial court to take into consideration the needs of the children in modification proceedings). Unlike the decision on appellant's claim for maintenance, the current support determination should take into account the standard of living the children would have enjoyed had the marriage not been dissolved. *Id.*, § 518.551, subd. 5(b)(3). Thus, in deciding the amount of child support, it is critically important that respondent had earnings of $139,000 in 1981 but currently has earnings of approximately $345,000.

To determine the modified amount of child support, the trial court's primary task was to find the facts as to the current needs of the children, taking into account the standard of living of their parents. It was reversible error for the trial court to omit this finding of fact. *See Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986) (mandate for trial court findings on child support factors). Deference to the rule of law on the issue requires that we remand for further trial court proceedings on this fact question.

Appellant submitted evidence that the current monthly needs of the children total $3,380.75, including $1120 for schooling. A referee's findings, adopted by the trial court, state only that appellant represents that these are the reasonable needs of the children. The findings include no reference to conflicting evidence and no decision whether appellant's representations are true. Of these claimed needs, $2,100.75 will not be met with the trial court's support award of $1200 plus schooling costs.

The referee's adopted findings also recite all statutory factors, including the reasonable needs of the minor children, as "considerations" calling for a $1200 support award. A fact which is not determined is not given the consideration required by *Moylan* and the long line of similar supreme court holdings on exercise of discretion in bench trial determinations.

Upon review of the referee's decision in the case, the trial court also found that the payment of $1200 support and schooling costs

> when combined with (appellant's) resources will more than adequately provide for the minor children's reasonable needs and will allow them to enjoy the standard of living they would have enjoyed had the marriage not been dissolved.

The finding is no different than the statement by the referee. Recitation of the needs factor is not a substitute for a finding of fact on the subject. What are the reasonable needs of the children? Is the evidence on their needs inflated by $2100? Is the mother to contribute $2100 while the father contributes $2320?

If the trial court believes it appropriate that a considerable portion of the needs of the children be paid from the resources of the mother, another fact question is raised. The trial court found that appellant

> represents that she has no income other than [r]espondent's spousal maintenance payments [$2400] * * * and that she currently has reasonable, household expenses for herself alone of $2,895.25 per month.

Is this representation true? Does appellant have earnings or resources to contribute to support of the children? What are they?

The reasonableness of the trial court's child support award could not be determined by that court or ours without particularized findings on the reasonable needs of the children and the resources of appellant that might be applied toward these needs. We must remand for further proceedings leading to these findings. Given the voluminous remands ordered in the wake of *Moylan* and other decisions on the same rule, one might surmise that enough has been said—the proposition is settled. It is evident that this is not so—there must be continued, careful attention to the mandate for findings so that it is properly understood and uniformly followed, and so that the judiciary is increasingly faithful in demonstrating application of the rule of law in making discretionary decisions.

3. The trial court's conclusion of law.

In addition, because the record amply demonstrates respondent's resources, it is observable that it would be an abuse of discretion for the trial court to characterize its award "reasonable and fair under the circumstances," as it found, if any significant sacrifice is required of appellant or the children. Respondent, says the trial court, has gross monthly earnings of over $28,-000. His net monthly earnings, according to trial court findings, are approximately $18,800, plus monthly retirement contributions of over $4000 and benefits from another annual gross receipt of $30,000. Respondent "represents" reasonable monthly household expenses of $8858, excluding maintenance and support payments. Clearly, respondent has unlimited ability to pay whatever is reasonably needed.

4. Decisions on appeal.

Because I would reverse and remand on the child support issue, I respectfully dissent. I join the majority in its decisions on other issues presented in this appeal.