In re the Marriage of Scott A. **BISCOE, Petitioner, Respondent,**

v.

Melanie R. **BISCOE, Appellant.**

No. C2–88–2513.

Court of Appeals of Minnesota.

Aug. 1, 1989.

John R. Solien, Haberkorn & Solien, Ltd., Aitkin, for respondent.

Judith L. Oakes, J. Oakes & Associates, St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY,* JJ.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

CRIPPEN, Judge.

Appellant Melanie Biscoe appeals from a 1988 judgment amendment, claiming (1) the trial court did not have jurisdiction to modify the visitation provisions of the original decree and must make findings supporting its jurisdiction, (2) the trial court erred in receiving a visitation home study report as evidence without allowing cross-examination of the investigator, (3) the trial court erred in modifying the decree to award respondent the dependent tax exemptions for the minor children in the absence of findings to support the modification, and (4) the trial court erred in finding her in contempt. We remand for findings.

## FACTS

The parties' marriage was dissolved by a May 1981 judgment in Aitkin County. Appellant was awarded custody of two children, now ages 10 and 11, subject to respondent's right to reasonable visitation upon 24–hour advance notice. Respondent was ordered to pay $100 in monthly child support. In February 1983, appellant had another child. Respondent acknowledged paternity of this child and the parties have at all times included him among the children subject to the terms of the decree.

After the dissolution, appellant moved to St. Paul. She resided there until the fall of 1982 when she moved to Montana with her then two children. Since appellant's move to Montana, respondent has only seen the children on about four separate occasions. Respondent claims that in 1982 and the summer of 1985 he was not notified of appellant's moves within Montana.

In January 1987, respondent filed a motion seeking specific visitation rights and related relief. In May, the trial court filed an order pursuant to the parties' stipulation directing that a county agency investigate and prepare a report concerning visitation arrangements for the children and arrange an alcohol dependency evaluation

for respondent. The report was subsequently filed and transmitted to counsel in June 1987.

In August 1988, appellant filed a motion seeking to limit visitation, claiming there were serious concerns about the welfare of the children in connection with unsupervised visitation because of an unhealthy environment and respondent's alleged frequent use of marijuana and alcohol.

The parties' motions were heard in August 1988. The trial court admitted the county social worker's visitation report over the objection of appellant's counsel.

On September 7, 1988, the trial court entered an amended judgment establishing a specific visitation schedule. The court awarded respondent dependency exemption rights and $100 in attorney fees. The court also found appellant in contempt of court for moving the children to Montana without consent and unwarranted interference with visitation.

## ISSUES

1. Did the trial court adequately establish its subject matter jurisdiction?

2. Does the Federal Parental Kidnapping Prevention Act preclude the assertion of "best-interest" jurisdiction in Minnesota?

3. Is the contempt determination appealable?

## ANALYSIS

### I.

■ Appellant claims the trial court erred in modifying visitation because it lacked jurisdiction under the Uniform Child Custody Jurisdiction Act[1] and failed to make findings explaining the basis for jurisdiction. Although appellant failed to raise the issue of jurisdiction with the trial court, a court's lack of subject matter jurisdiction can be raised for the first time on appeal. *Qualley v. Commissioner of Pub-*

---

1. Minn.Stat. §§ 518A.01–518A.25 (1988) has codified, "practically verbatim, the UCCJA." *In re Marriage of Schmidt,* 436 N.W.2d 99, 101 n. 1 (Minn.1989) (referring to the Uniform Act and the Minnesota Statute interchangeably). *See* Minn.Stat. § 518A.25 (1988) (this chapter may be cited as the UCCJA).

*lic Safety,* 349 N.W.2d 305, 309 (Minn.Ct. App.1984) (citing *Mangos v. Mangos,* 264 Minn. 198, 202, 117 N.W.2d 916, 918 (1962)). Courts from other jurisdictions have recognized that the threshold requirements under the UCCJA concern subject matter jurisdiction and can be raised at any time by the parties or sua sponte by a court of review, and cannot be conferred by the parties. *See Campbell v. Campbell,* 180 Ind.App. 351, 352, 388 N.E.2d 607, 608 (1979); *Smith v. Superior Court of San Mateo County,* 68 Cal.App.3d 457, 461, 464 n. 3, 137 Cal.Rptr. 348, 351, 353 n. 3 (1977).

■ Visitation rights are treated as custody matters under the UCCJA. *See* Minn. Stat. § 518A.02(b) (1988). To obtain jurisdiction under the Act a Minnesota court must establish one or more of four circumstances identified in section 518A.03, subd. 1(a)–(d). The only basis for a Minnesota court to assert jurisdiction in this case is section 518A.03, subdivision 1(b), commonly referred to as "best-interest" jurisdiction, which allows the state to assume jurisdiction where (1) the child and parents or the child and at least one parent have a significant connection with the state, and (2) there is substantial evidence in the state concerning the child's present or future care and personal relationships.

■ A court may assert "best interest" jurisdiction when it finds that it would serve a "child's best overall interest." *Schmidt,* 436 N.W.2d at 104. This determination must take into account the recent residences of the child and parents, the availability of local evidence from significant local connections, and the quantity and quality of the child's past attachments. *Id.* at 104–105 and n. 7. "Maximum state contacts, rather than minimum, are required to support 'best interest' jurisdiction." *Id.* at 104 (footnote omitted).

In *Schmidt,* the supreme court indicated that prior to the assertion of jurisdiction under the UCCJA the trial court should make written findings supporting the basis for jurisdiction. *Id.* at 105. This action was resolved prior to *Schmidt* and the court's jurisdiction was not specifically at issue. In light of respondent's limited visitation with the children and the children's limited recent contacts with Minnesota, we remand to the trial court for consideration and findings on whether the court has "best interest" jurisdiction under the UCCJA.[2]

Appellant claims the trial court erred in admitting the home study report without having the investigator available for cross-examination. *See VanZee v. VanZee,* 302 Minn. 371, 375, 226 N.W.2d 865, 867 (1974). Although there is a substantial question whether the admission of the report constitutes reversible error since appellant failed to make timely arrangements to cross-examine the investigator and was allowed an opportunity to rebut the facts in the report, on remand the trial court should permit appellant to call and cross-examine the investigator.

■ Appellant claims the trial court erred in modifying the original decree to award respondent dependent tax exemptions for the three children without first making findings concerning the factors in section 518.64, subd. 2 as required by *Moylan v. Moylan,* 384 N.W.2d 859, 864–65 (Minn.1986). Dependency exemptions are aligned with child support and may be modified upon a showing of a substantial change of circumstances pursuant to section 518.64. *See Joneja v. Joneja,* 422 N.W.2d 306, 310 (Minn.Ct.App.1988) ("dependency exemptions may be modified in accordance with Minn Stat. § 518.64"). However, if exemptions are allocated to a noncustodial parent, the custodial parent must execute a clear waiver of the exemptions and the waiver should be contingent upon receipt of support payments. *Theroux v. Boehmler,* 410 N.W.2d 354, 358 (Minn.Ct.App.1987); *Fudenberg v. Mol-*

---

2. Although parties cannot confer subject matter jurisdiction on a court, a trial court can consider the fact that the parties submitted the visitation dispute to the court when analyzing "best interest" jurisdiction. *See Smith,* 68 Cal.App.3d at 464 n. 3, 137 Cal.Rptr. at 352–53 n. 3 (parties' submission of visitation issue to court raises reasonable inference that parties themselves considered the ties with the State of California were strong for resolving the visitation issue).

*stad*, 390 N.W.2d 19, 21 (Minn.Ct.App. 1986).

■ The trial court did not make adequate findings concerning the statutory factors in section 518.64, subdivision 2, and failed to condition appellant's waiver of the exemptions upon respondent's payment of all support payments due under the decree. *See Stephens v. Stephens*, 407 N.W.2d 468, 470–71 (Minn.Ct.App.1987) (concluding the trial court's findings were not sufficiently specific to facilitate appellate review). Upon remand, the court should reconsider its dependency exemption modification, and if upholding the provision, should include the requisite findings and a provision requiring that appellant's waiver of the dependency exemptions is contingent upon respondent's payment of all support payments due under the decree.

## II.

■ Under the Federal Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A (West Supp.1989), states are only required to recognize and enforce custody determinations which are consistent with the Act's provisions. 28 U.S.C.A. § 1738A(a). A state custody determination is "consistent" with PKPA only if it is issued by a court which (1) has jurisdiction under its own laws, in this case the UCCJA, and (2) satisfies one of the five bases for jurisdiction under PKPA, which generally parallel the four grounds for jurisdiction under UCCJA. 28 U.S.C.A. § 1738A(c).

There are two primary distinctions between PKPA and UCCJA, both of which are relevant in the present case. First, under PKPA "best interest" jurisdiction applies only if no other state has "home state" jurisdiction over a child. 28 U.S.C.A. § 1738A(c)(2)(B)(i). In the present case, it is evident the children's "home state" is Montana and the "best interest" provision of PKPA would not validate this basis for jurisdiction in another state.

■ The second distinction between the federal act and the Minnesota Act is that there is a fifth basis for jurisdiction under

PKPA, allowing a court to assert jurisdiction if it has "continuing jurisdiction" as established by section 1738A(d). 28 U.S. C.A. § 1738A(c)(2)(E). A state court which has made a prior child custody determination has continuing jurisdiction to modify custody or visitation if the court continues to have jurisdiction under the laws of the state, and the state is the residence of the child or of any contestant. 28 U.S.C.A. § 1738A(c)(2)(E), and (d). Therefore, if Minnesota has jurisdiction under UCCJA, it also has continuing jurisdiction pursuant to PKPA because Minnesota issued the last custody decree in this matter and respondent is a resident of Minnesota. The federal act does not alter the trial court's handling of the issue as previously provided in this opinion.

## III.

■ The trial court's conditional adjudication of contempt, which failed to impose a specific sanction and allows for purging by compliance with the terms of the order, is not appealable. *See Tell v. Tell*, 383 N.W.2d 678, 684 (Minn.1986); *Johnson v. Johnson*, 439 N.W.2d 430, 431 (Minn.Ct. App.1989).

## DECISION

This matter is remanded for consideration and findings on "best interest" jurisdiction under Minnesota's UCCJA. Upon remand the court shall allow appellant to call and cross-examine the investigator who prepared the home study report. Further, the court is to reconsider the dependency exemption modification and, if upheld, shall make findings pursuant to section 518.64, subdivision 2, and condition appellant's waiver of the exemptions contingent upon respondent's payment of support due under the decree.

Remanded.