**In re the Marriage of Rolf Edward ROGERS, Appellant,**

v.

**Lisa Anne ROGERS, Respondent.**

No. C2–99–1325.

Court of Appeals of Minnesota.

March 7, 2000.

---

1. Because of our decision on the core issue of improper testimony, we do not address other issues raised by appellant.

Jane Binder, Christine Howard, Binder Law Offices, P.A., Minneapolis, for appellant.

Geraldine Carlen Steen, Beckman & Steen, Minnetonka, for respondent.

Considered and decided by CRIPPEN, Presiding Judge, SCHUMACHER, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge

Appellant Rolf Edward Rogers challenges an order (1) denying the elimination of his child support obligation based on a claimed reduction in his net income and a change in the amount of time the parties' children spend with each parent; (2) increasing his child-support obligation to respondent Lisa Anne Rogers on the court's own initiative; and (3) denying him the income tax child dependency exemptions. Because the district court did not err in applying the Hortis/Valento formula for calculating child support, we affirm the denial of a modification on a claimed "time" change. But because the district court failed to address appellant's claim of a change in circumstance based on reduced income, increased child support sua sponte, and improperly awarded the dependency exemptions, we reverse and remand with directions on those issues.

## FACTS

The parties' marriage was dissolved on December 22, 1994. The district court awarded respondent physical custody of the three minor children. On June 10, 1998, the district court changed the physical custody of the three children to appellant, but awarded respondent extensive visitation rights. Pursuant to the established visitation, the children were to spend approximately 55 percent of their time with appellant and 45 percent with respondent. Appellant, claiming a decrease in income and that respondent was not exercising her visitation rights, thus reducing the actual time she had physical custody, moved the court for elimination of his child support obligation. The district court denied his motion and sua sponte increased appellant's child support obligation. In the same hearing, the parties stipulated to the termination of spousal maintenance because of a clerical error in the original decree. Under the terms of the original decree, the parties were to annually alternate tax dependency exemptions upon termination of maintenance and the district court invoked this arrangement. Appellant seeks review of the district court's denial of his motion for modifi-

cation, the order increasing support, and the award of the dependency exemptions.

## ISSUES

1. Did appellant establish a substantial change of circumstances for purposes of child support modification?

2. Did the district court abuse its discretion by modifying appellant's child support sua sponte?

3. Did the district court abuse its discretion by awarding respondent income tax dependency exemptions?

4. Is respondent entitled to attorney fees on appeal?

## ANALYSIS

### I. Change in Circumstances

■ Appellant claims that the district court abused its discretion by refusing to eliminate his child support payments based on a decrease in his income and based on respondent spending less time with the children than was anticipated when the court set child support. Child support may be modified if the moving party shows a substantial change in circumstances that renders the existing support award unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) (Supp.1999). Modification of child support is within the district court's broad discretion and will not be reversed absent an abuse of discretion. *Hennessy v. Stelton*, 302 Minn. 550, 551, 224 N.W.2d 926, 927 (1974); *Kuronen v. Kuronen*, 499 N.W.2d 51, 53 (Minn.App.1993), *review denied* (Minn. June 22, 1993).

#### A. Tweeton

■ Appellant's first claim for a substantial change in circumstances is based on his allegation that respondent does not exercise her visitation time. In this case, the district court applied *Tweeton.* In *Tweeton,* this court affirmed a district court's application of the Hortis/Valento formula to calculate child support where one party has sole physical custody and the other has extensive visitation. *See Tweeton v. Tweeton*, 560 N.W.2d 746, 748–49 (Minn.App.1997), *review denied* (Minn. May 28, 1997). *Tweeton* emphasizes that application of the Hortis/Valento formula " 'should be used' in all joint physical cases" and notes that the Hortis/Valento formula in those cases "was not premised upon the legal designation of parents as 'joint custodian,' but upon the pragmatic observation that the arrangements reviewed in those cases called for a provision of a significant amount of physical care by each parent." *Id.* at 748 (citation omitted). Thus, if a noncustodial parent provides a significant amount of physical care for his or her children, the district court must, under *Tweeton,* apply the Hortis/Valento formula. Also, because the Hortis/Valento formula, and hence *Tweeton,* are an application of the guidelines, if a noncustodial parent does provide a significant amount of physical care, the district court can deviate from the Hortis/Valento/Tweeton formula (i.e. deviate from the guidelines) only if it makes appropriate findings. *See* Minn.Stat. § 518.551, subd. 5(c) & (i) (Supp.1999) (setting forth factors permitting deviation from the guidelines and requiring findings to deviate from guideline support obligation).

■ Here, appellant's child support obligation was calculated based on respondent having the children approximately 45 percent of the time. Appellant insists that respondent had the children only 27 percent of the time, even though he acknowledged that respondent typically exercises visitation from Friday at 5:30 p.m. through Monday at 8:30 a.m. and two additional overnights every two weeks from 5:30 p.m. to 8:30 a.m. This amounts to a total of five out of fourteen nights in a two-week period. Respondent thus has the children for 130 overnights, based on a yearly projection of this weekend/midweek schedule. Adding 18 more days over the four-week summer schedule brings the total to 148, resulting in custody 41 percent of the time. The district court found that the overall

total, including holidays, is 45 percent, regardless of whether respondent exercises her additional overnight per month with each child. Because the record supports the district court's calculations regarding time allocations, the district court did not abuse its discretion in ruling that the amount of physical care provided by the respective parties did not change. Consequently, continued application of the *Tweeton* formula was required, and the district court did not abuse its discretion in denying the portion of appellant's motion to modify support based on the alleged change in the amount of time the children spent with respondent.

### B. Decreased Income

■■■ Appellant's second argument for a substantial change in circumstances is based on his decreased income. In his affidavit, appellant provided evidence that his net monthly income decreased from $6,246 to $5,361, and that his expenses exceed his income by $1,000 even before he pays child support. The district court failed to address this issue, mistakenly stating in its order that "[appellant] does not claim that there has been a substantial increase or decrease in his income." If this court is unable to determine from the district court's findings whether the statutory requirements were properly met, this court will remand for further findings. *Stich v. Stich,* 435 N.W.2d 52, 53 (Minn. 1989). Particularized findings are necessary in child support cases. *Id.* Findings also are necessary if a court wishes to refuse modification of child support. *Olson v. Olson,* 399 N.W.2d 660, 664 (Minn. App.1987). Because the findings fail to show that the district court considered the appropriate statutory factors, we reverse and remand for further findings on this issue.

### II. Sua Sponte Modification of Child Support

■■■ Appellant claims the district court abused its discretion by increasing his child-support obligation on its own initiative. Appellant initially moved to clarify the district court's decision to terminate spousal maintenance. The district court agreed with appellant that there was a clerical mistake, and terminated his spousal maintenance obligation one year earlier than provided in its previous order. Without a motion from respondent, the district court then increase appellant's child support obligation, determining that respondent's receipt of spousal maintenance had been used in calculating her income for purposes of child support.

The district court does not have authority to modify child support on its own initiative. *See* Minn.Stat. § 518.64, subd. 1 (1998) (allowing modification of child support on motion of either party). In addition, the district court must inquire into the parties' incomes and allow the parties to present all the facts, which it did not do. *See* Minn.Stat. § 518.551, subd. 5(i) (Supp. 1999) (support order requires findings on obligor's income and other significant factors). We therefore reverse the district court's increase of appellant's child support obligation.

### III. Tax Exemptions

■■■ Appellant contends that the district court abused its discretion by refusing to award him the tax dependency exemptions for the children. The district court has discretion in awarding tax exemptions. *Crosby v. Crosby,* 587 N.W.2d 292, 298 (Minn.App.1998), *review denied* (Minn. Feb. 18, 1999). As a general rule, the custodial parent is entitled to the tax exemption. *Gerardy v. Gerardy,* 406 N.W.2d 10, 14 (Minn.App.1987). The court may order the custodial parent to execute a waiver of the exemption in favor of the noncustodial parent. *Theroux v. Boehmler,* 410 N.W.2d 354, 358 (Minn.App.1987). If the court does not order a waiver, it must strictly follow federal law and award the exemption to the custodial parent. *Id.*

Under the original divorce decree, appellant was granted the dependency exemptions for all three children so long as

he was obligated to pay spousal maintenance. On termination of spousal maintenance, appellant and respondent were to alternate the children's exemption deductions annually. After terminating the spousal maintenance retroactively, the district court applied the original decree's use of tax exemptions. The original decree, however, was based on respondent having physical custody of the children, whereas now appellant has physical custody of all three children.

■ The district court found that respondent needed increased "cash flow" after maintenance terminated and awarded respondent a tax exemption to give her additional income. Dependency exemptions are awarded to either the custodial parent or, upon waiver of the custodial parent, to the parent paying child support. *See Biscoe v. Biscoe*, 443 N.W.2d 221, 224 (Minn.App.1989) ("[d]ependency exemptions are aligned with child support and may be modified upon a showing of a substantial change of circumstances"). There is no basis for using dependency exemptions as income support in lieu of spousal maintenance. Simply following the original decree as to tax exemptions after termination of maintenance, without considering that physical custody of the children has changed, is an abuse of discretion. *Cf. Hecker v. Hecker*, 568 N.W.2d 705, 709–10, n. 3 (Minn.1997) (in maintenance context, failure to obtain status assumed by judgment can be substantial change in circumstances justifying modification). We thus reverse the district court's order and remand with directions to award appellant the dependency exemptions.

### IV. Attorney Fees on Appeal

■ Respondent requests attorney fees on appeal, citing Minn.Stat. § 518.14, subd. 1 (1998). Under this statute, a party is entitled to fees only if necessary to "carry on or contest the proceeding" or if a party "unreasonably contributes to the length or expense of the proceeding." *Id.*

Respondent has shown neither need nor conduct entitling her to attorney fees. Therefore, we deny respondent's motion for attorney fees on appeal.

### DECISION

Because the district court did not err in applying the *Tweeton* formula, we affirm on that issue. Because the district court erred in increasing appellant's child support obligation sua sponte, we reverse as to that issue. The district court erred in failing to address modification of appellant's support obligation based on a decrease in income and in awarding the tax dependency exemptions to respondent, despite a change in circumstances from the original decree. We reverse and remand as to these issues and direct the district court to consider the appropriate statutory factors as to modification of support and to award appellant the dependency exemptions. No attorney fees are awarded on appeal.

**Affirmed in part, reversed in part, and remanded; motion denied.**

SCHUMACHER, Judge (concurring in part, dissenting in part)

I respectfully dissent from three aspects of the majority's opinion.

1. The portion of the district court's order stating that appellant did not claim a decrease in his income is consistent with what appellant's attorney told the district court. Counsel stated appellant's motion to modify support was based on a claim that respondent did not have the children as often as indicated by the visitation schedule and twice stated that appellant's motion was not "economically driven." Because appellant functionally withdrew any income-based claim, the district court did not need to address that claim.

2. Clerical errors may be corrected on a court's own initiative. Minn. R. Civ. P. 60.01. Here, a clerical error caused an improper extension of respondent's maintenance award. That award was used to

calculate respondent's child-support obligation under *Tweeton v. Tweeton,* 560 N.W.2d 746 (Minn.App.1997), *review denied* (Minn. May 28, 1997). Therefore, to not correct the support obligation when the maintenance error was corrected would have left a support obligation in place that was not based on the parties' current incomes. *See Thomas v. Thomas,* 407 N.W.2d 124, 127 (Minn.App.1987) (requiring support obligations to be based on "*current* net income"); *see also State Inc. v. Sumpter & Williams,* 553 N.W.2d 719, 723 (Minn.App.1996) (district court did not abuse its discretion in correcting judgment based on clerical error), *review denied* (Minn. Nov. 20, 1996).

3. The district court's award of the tax dependency exemptions to respondent is supported by the findings that the "continued award of all three income tax exemptions to [appellant] would not be in the children's best interests" and that respondent needed increased "cash flow to allow her to have sufficient accommodations for overnight visitation with the children." This award explicitly considers the custodial situation and is consistent with case law. *E.g., Crosby v. Crosby,* 587 N.W.2d 292, 298 (Minn.App.1998) (award of tax-dependency exemption to noncustodial father upheld where physical care of children equally divided, mother had greater financial resources, and exemption was of no benefit to mother), *review denied* (Minn. Feb. 18, 1999); *Joneja v. Joneja,* 422 N.W.2d 306, 310 (Minn.App.1988) (award of tax-dependency exemptions is discretionary with district court).

Because the district court did not abuse its discretion on these issues, I would affirm.