**In re the Marriage of Patrick M. O'DONNELL, petitioner, Respondent,**

v.

**Mary Lou Z. O'DONNELL, co-petitioner, Appellant.**

No. A03–897.

Court of Appeals of Minnesota.

April 27, 2004.

Kay R. Snyder, Jeddeloh & Snyder, P.A., St. Cloud, MN, for respondent.

Marna L. Anderson, Hicken, Scott & Howard, P.A., Anoka, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge; KALITOWSKI, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant, support obligor, challenges the district court's modification order increasing child support. Appellant claims that the parties had stipulated to child support that the original district court approved, that college tuition payments for an emancipated child and mortgage payments incurred to finance a property division are not recognizable expenses in setting child support levels, and that the other claimed changes in circumstance were foreseeable. Because we determine the district court erred in increasing child support, we reverse.

## FACTS

Appellant Mary Lou Z. O'Donnell and respondent Patrick M. O'Donnell dissolved their 20–year marriage in May 2002. Appellant is a ministry support coordinator, respondent an attorney. The parties entered into a marital termination agreement whereby respondent father was granted sole physical custody of the couple's two minor children. The parties waived their rights to maintenance and stipulated to a downward deviation from the child support guidelines. The child support guidelines would have required appellant mother to pay $546.60 a month, but pursuant to the agreement, she was ordered to pay respondent $250 per month for 30 months, and thereafter $350 per month.

Five months after entry of the stipulated judgment, respondent filed a motion seeking an increase in child support. Respondent claimed that his overall expenses had increased due to, in part, his undertaking to pay college expenses for the parties' emancipated daughter, an increase in his mortgage payment due to the property settlement, a purchase of a new vehicle, which he claimed was necessary to transport the children, an increase in the cost of

health insurance, and an increase in the children's school activity fees. Respondent argued that because appellant was now living with another individual with whom appellant shares expenses, appellant's expenses had decreased. But appellant claimed that she had purchased a home and made other financial commitments such that her expenses still exceeded her income.

Following a December 2002 hearing, the district court granted respondent's motion and ordered an increase in appellant's child support payments from $250 to $546.60 per month. Appellant now appeals the district court's order to increase her monthly child support payments.

## ISSUES

1. Did the district court abuse its discretion by including the cost of college tuition for an emancipated child in respondent's reasonable expenses?

2. Did the district court abuse its discretion by including an increase in mortgage payments resulting from the parties' property settlement in respondent's reasonable expenses?

3. Did respondent meet his burden of establishing increased expenses justifying modification of stipulated child support?

4. Is child support set forth in a stipulated agreement subject to subsequent modification if it is 20% and $50 lower than that called for in the child support guidelines?

## ANALYSIS

■ On appeal from a district court's order modifying child support, an appellate court reviews the district court's decision for an abuse of discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). An abuse of discretion occurs when the district court resolves the matter in a manner

that is "against logic and the facts on [the] record." *Id.* An appellate court will generally not disturb a district court's determination of child support if it has a reasonable and acceptable basis in fact. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.App. 1984). The district court is required to make specific findings on the statutory factors in Minn.Stat. § 518.64, subd. 2 (2002). *Allan v. Allan,* 509 N.W.2d 593, 596 (Minn.App.1993).

### I.

■ The first issue is whether the district court erred in adding $417 in college tuition payments for an emancipated child to respondent's monthly expenses. Appellant argues that this is a voluntarily assumed expense for respondent and an inappropriate basis for modification.

Minnesota caselaw is clear on the issue of college tuition for emancipated children. In *Tibbetts v. Tibbetts,* we considered whether $1,800 a year for an emancipated child's college tuition could be added to the appellant's expenses when considering child support modification, and we held that such an "expense is an inappropriate basis for a modification in child support because only the needs of the minor child are relevant." 398 N.W.2d 16, 19 (Minn. App.1986).

Here, the parties' stipulated agreement does not provide for any expenses of emancipated children. Absent such a provision, the district court should not have considered respondent's college tuition payments for the parties' emancipated child as part of his reasonable expenses on a motion for child support modification.

### II.

■ The next issue is whether, in considering a request for increased child support, the district court erred in adding to respondent's expenses an increase in re-

spondent's mortgage payments caused by his financing obligations under the parties' property settlement. The property settlement awarded title of the home to respondent and gave appellant a $27,528.84 lien on the property to be paid by respondent. Respondent alleged below that his expenses increased due to the "loan cost to provide [appellant] with her requested half of the equity in our home." The district court found, "[respondent's] mortgage expense has increased due to the property settlement. His stated monthly budget is fair and reasonable." Appellant argues the district court may not consider this type of expense as a basis to modify child support.

This court considered a claim of substantial change in circumstances stemming from an increase of expenses resulting from a property settlement in the case of *Abuzzahab v. Abuzzahab*, 359 N.W.2d 329 (Minn.App.1984). We held that changes directly resulting from a property division in a dissolution proceeding are not the type contemplated by Minn.Stat. § 518.64, subd. 2. *Id.* at 332. The district court therefore erred by using increased mortgage expenses arising from the property settlement as a change in circumstances.

## III.

■ The third issue is whether the district court erred in finding that respondent's other increased expenses constituted a change in circumstances that warranted a modification of child support as set in the stipulated agreement. The district court found that, while appellant's income had remained the same, she experienced an increase in expenses since the time of the previous order. Nonetheless, the court found that respondent's expenses had increased enough to create a substantial change in circumstances such that the current order for child support was unfair and unreasonable.

■■ Generally, a stipulation fixing the respective rights and obligations of the parties represents their voluntary acquiescence in an equitable settlement, and the district court should "carefully and only reluctantly" alter its terms. *See Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn.1981) (discussing stipulated spousal maintenance). But, the existence of a stipulation does not "bar later consideration of whether a change in circumstances warrants a modification." *Hecker v. Hecker*, 568 N.W.2d 705, 709 (Minn.1997). Where child support is concerned, Minnesota caselaw indicates that "[a]lthough a stipulation is one factor to be considered in modification motions, child support 'relates to nonbargainable interests of children and is less subject to restraint by stipulation than are other dissolution matters.'" *Martin v. Martin*, 401 N.W.2d 107, 110 (Minn. App.1987) (quoting *Maxson v. Derence*, 384 N.W.2d 583, 585 (Minn.App.1986)).

■ Minnesota statutes provide that a district court may modify a child support order if two conditions are met: (1) the moving party shows a substantial change in circumstances; and (2) that the change makes the existing award unreasonable and unfair. *Stephens v. Stephens*, 407 N.W.2d 468, 470–71 (Minn.App.1987). *See* Minn.Stat. § 518.64, subd. 2(a) (2002). A change of circumstances includes a substantial increase or decrease in a party's earnings or expenses. *Id.*

Here, the district court found that respondent's expenses increased by $1,631, from $4,100 at the time of the decree in May to $5,731 five months later in October. At least $600 of respondent's increased expenses was based on college tuition and mortgage payments that, as we held above, are an improper basis for modification. The district court identified oth-

er expenses based on the needs of the two younger children that also supported a change. Although not discussed in any detail by the district court, the respondent's affidavit gives some particulars:

> I have also discovered that I grossly underestimated the monthly cost of food, household items, and added automotive expenses (since I am the only one driving our children around to their activities and friends' homes) by at least $250.00–$300.00 per month. The same is true for school, soccer and Scouting fees and costs, which I underestimated by around $30.00–$50.00 per month.

Respondent continued by stating that he needed an additional vehicle to transport the children and their friends and that health insurance costs had increased.

Although respondent encountered an array of expenses, we find it implausible that these expenses were not foreseeable at the time he signed the stipulated agreement. We recognized in *Joneja v. Joneja* that the needs of children increase with their age. 422 N.W.2d 306, 309 (Minn.App.1988). But, barring dramatic or unanticipated changes, these ordinary expenses faced within five months of the original judgment are insufficient to support its modification. This is especially true where, as here, the parties entered into a stipulated agreement, where both were represented by counsel, where respondent had been actively involved in caring for the children prior to the dissolution and had sufficient opportunity to assess their needs and expenses, where the parties are well educated, where there is no allegation of fraud, mistake, or duress, and most importantly, where there is no claim or finding that the best interests of the children necessitate a change or were adversely affected by a continuation of the support terms of the original judgment.

Accordingly, we conclude that the district court erred in modifying the child support established in the stipulated judgment on the claim of change in circumstances.

## IV.

Finally, we consider whether child support specified in a stipulated judgment that deviates from the statutory guidelines is subject to automatic modification based upon the 20%/$50 clause in Minn.Stat. § 518.64, subd. 2(b)(1). That statute provides that a substantial change in circumstances is presumed and the existing support obligation is rebuttably presumed to be unreasonable and unfair when the application of the child support guidelines to obligor's current income would result in an obligation that is at least 20% and $50 higher or lower than the current obligation. *Id.* At the same time, Minnesota law recognizes that the district court may approve downward deviation from the statutory guidelines when the parties agree and when findings are made regarding the best interests of the children. Minn.Stat. § 518.551, subd. 5(i) (2002).

Here, application of the guidelines to appellant's monthly income would produce a child support obligation that is $546.60 per month. This is more than 20% and $50 higher than her current obligation, thus satisfying the statutory formula. The original district court's judgment and decree approving the downward deviation contains the statutorily required findings that the deviation represents the agreement between the parties and is in the best interests of the children. *See* Minn. Stat. § 518.551, subd. 5(i). The original district court further noted that the downward deviation was agreed upon due to the level of appellant's expenses. In the five months since the stipulated agreement, another district court found that

while appellant's income remained the same, her reasonable expenses increased and, in expressing its disapproval of the downward deviation contained in the original court's judgment, modified the child support to the guideline level of $546.60.

 While the statutory presumption embodied in Minn.Stat. § 518.64, subd. 2(b)(1), provides for court modification of child support, it should not be read as mandating such modification. Such a mandate would eviscerate Minn.Stat. § 518.551, subd. 5(i). The statutes should be read as to allow each section to operate. In this regard, we note that Minn.Stat. § 518.64, subd. 2(b)(1) allows a rebuttable presumption that child support that deviates from the guidelines by more than 20% and $50 is unfair and unreasonable. The stipulated judgment with findings is valid and rebuts that presumption of unfairness and unreasonableness, and the propriety of modifying support must then be determined based on whether there has actually been a substantial change in circumstances rendering the existing support obligation unreasonable and unfair. Giving the properly approved stipulated child support this rebuttal function allows both sections of the law to play a role.

In the case before us, the parties entered into a stipulated agreement that was approved by the district court and supported with findings. Both parties were represented by counsel and understood the terms of the agreement. Respondent knowingly and intelligently agreed to a deviation from the guidelines. He now returns five months later and asks for a modification based on an increase of expenses that were reasonably foreseeable at the time of the agreement. But, the facts on the record show that appellant's income has remained the same and her expenses have increased. There is no claim or showing that the best interests of the children are at issue. Barring a showing of an actual substantial change in circumstance that makes the terms of the order unfair and unreasonable, granting a child support modification simply on the basis that it is 20% and $50 less than the guidelines would be contrary to the parties' agreement and the judgment of the court. To modify in this setting would produce an unfair and unreasonable result.

## DECISION

Because the district court erred in finding that respondent's expenses included non-recognizable college expenses, certain mortgage payments and other costs that were voluntarily assumed and foreseeable at the time of the stipulated agreement, because a properly approved, stipulated judgment provided for child support, and because under the circumstances in this proceeding, the terms of that judgment are fair and reasonable, we reverse the modification in child support.

**Reversed.**