*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0804**

In re the Marriage of: Jacqueline Lorraine Bourgoin, petitioner,
Respondent,

vs.

Bradley Joseph Bourgoin,
Appellant,

County of Anoka, intervenor,
Respondent.

**Filed January 30, 2017
Affirmed
Hooten, Judge**

Anoka County District Court
File No. 02-FA-08-300

Robert A. Manson, Robert A. Manson, P.A., White Bear Lake, Minnesota (for appellant)

Elizabeth A. Schading, Barna, Guzy & Steffen, Ltd., Coon Rapids, Minnesota (for respondent)

Anthony C. Palumbo, Anoka County Attorney, Anoka, Minnesota (for respondent county)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Smith, John, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HOOTEN**, Judge

In this child-support dispute, appellant challenges the district court's order denying his motion to modify child support, arguing that the district court erred (1) by implying that appellant waived his right to future modification of his child support obligation, (2) by finding that appellant failed to demonstrate that the existing child support order is unfair or unreasonable, and (3) by using a yearly average method to calculate appellant's gross income. We affirm.

## FACTS

On April 14, 2008, the district court entered a judgment and decree which dissolved the marriage of appellant Bradley Joseph Bourgoin and respondent Jacqueline Lorraine Bourgoin. The judgment and decree, incorporating the parties' January 21, 2008 Marital Settlement Agreement, awarded the parties joint legal custody of their four minor children and awarded sole physical custody to respondent.

At the time of the judgment and decree, appellant was employed full time as a locomotive engineer. Appellant's gross income was approximately $5,833 per month or $70,000 annually. Appellant was ordered to pay child support in the amount of $1,800 per month. This amount was an agreed upon upward departure from appellant's guidelines child support obligation of $1,619 per month. Specifically, the judgment and decree stated:

> [Appellant] understands that said amount of support is an upward departure from the child support guidelines, and [appellant] has voluntarily agreed to pay this additional amount of child support until the parties['] youngest child, [J.W.B.], turns 18 and graduates from high school.

> Said child support obligation is subject to biennial cost-of-living adjustments. . . . Application for a cost-of-living adjustment may be made every two years, commencing two years from the date of entry of the Judgment and Decree herein.

Appellant's child support obligation increased due to cost of living adjustments (COLA) in 2010 to $1,868 per month and in 2012 to $1,973 per month.

Appellant filed a motion contesting the COLA to his basic support obligation in 2012. The Child Support Magistrate (CSM) denied his motion, finding that "[appellant] failed to show that his income has not increased sufficiently to fulfill the proposed support obligation shown in the COLA Notice." The CSM noted that appellant's income had increased by 13% from 2009 to 2011 and that the COLA increased appellant's child support obligation by 5.6%. With COLA, appellant's basic support obligation, effective May 2014, was $2,042.

In 2015, appellant brought a motion to modify the child support based upon (1) the emancipation of the parties' oldest child, (2) a reduction in appellant's income, and (3) an increase in respondent's income. The CSM denied appellant's motion in full, determining that there had not been a substantial change in circumstances rendering the existing child support order unfair or unreasonable.

Appellant moved for district court review of the CSM's denial of his motion. In her affidavit opposing appellant's motion, respondent objected to the extent that appellant claimed the existing support order was unfair and unreasonable, but agreed that a waiver of all accumulated COLA adjustments and a return to the original support figure of $1,800 per month would be an equitable result. The district court affirmed the CSM's factual

3

findings and her legal conclusion that appellant had failed to demonstrate that the existing child support order was unfair or unreasonable, but reduced appellant's basic child support obligation back to the original figure of $1,800 per month in accordance with respondent's waiver. This appeal follows.

## DECISION

The district court has broad discretion to provide for the support of the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). A district court abuses its discretion when it sets support in a manner that is against logic and the facts on record or it misapplies the law. *See id.* (addressing the setting of support in a manner that is against logic and facts on record); *Ver Kuilen v. Ver Kuilen*, 578 N.W.2d 790, 792 (Minn. App. 1998) (addressing an improper application of law). We also review a district court's decision to modify child support for an abuse of discretion. *Bormann v. Bormann*, 644 N.W.2d 478, 481 (Minn. App. 2002). On appeal from a CSM's ruling that has been affirmed by the district court, the standard of review is the same standard as would have been applied if the decision had been made by a district court in the first instance. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 445–46 (Minn. App. 2002). We view the evidence in the light most favorable to the district court's findings. *Vangsness v. Vangsness*, 607 N.W.2d 468, 474 (Minn. App. 2000).

**I.**

4

Appellant first argues that while the CSM did not explicitly use the term "waiver," she implied that appellant waived his right to modify his child support obligation based on the language used in the judgment and decree. We disagree.

Generally, an agreement to waive child support is not enforceable because it is contrary to public policy. *Aumock v. Aumock*, 410 N.W.2d 420, 422 (Minn. App. 1987) ("The best interests of minor children are served by ensuring that they receive adequate support consistent with the financial abilities of their mothers and fathers to provide that support."). Specifically, appellant argues that the district court, by affirming the CSM, essentially found that any future right to modification was waived by the parties' stipulation to an upward departure from appellant's guidelines obligation, and denied appellant's motion without performing child support calculations or addressing other statutory factors.

This argument is not supported by the record. The CSM calculated appellant's current income and determined that appellant's gross monthly income for 2015 was $6,355 in regular wages per month, or $7,750 in regular wages and overtime compensation per month. The CSM found that "[appellant's] income, even without respect to overtime, has increased since entry of the [judgment and decree]." The district court affirmed the CSM's conclusions and performed the child support calculations for the parties' current situation before concluding appellant did not demonstrate that the existing child support order is unfair or unreasonable.

Considering the written findings of the CSM and the district court with regard to the parties' incomes, and the absence of any language explicitly indicating that the district court considered modification foreclosed due to waiver, we conclude that the district court

5

did not consider the judgment and decree to implicitly waive appellant's right to future modifications.

## II.

Appellant next argues that the district court's determination of his income was clearly erroneous because it was based on an average of his income from all of 2015, rather than his decreased income between September and December 2015. We disagree.

A district court's income calculations are factual determinations which will stand "unless clearly erroneous." *Newstrand v. Arend*, 869 N.W.2d 681, 685 (Minn. App. 2015) (quotation omitted), *review denied* (Minn. Dec. 15, 2015). Where a child support obligor's income fluctuates, an income averaging method takes into account fluctuations and more accurately measures income. *See Veit v. Veit*, 413 N.W.2d 601, 606 (Minn. App. 1987) (holding that when self-employed business income fluctuates, income averaging more accurately measures obligor's net income). Appellate courts do not recognize any standard time period for averaging income. *See id.*

The district court used a yearly average of appellant's compensation to calculate his gross income. Appellant argues that his income for the year was skewed based on the overtime available during the first part of the year and that this court should remand for a proper determination of appellant's income based upon his change in income since September 2015. Appellant's argument is unpersuasive.

Appellant testified that he had not worked consistent overtime since September 2015 due to a change in position and decrease in overtime availability. Appellant also submitted a letter from his employer indicating that overtime would be limited, however

the letter did not indicate that appellant's overtime opportunities would be eliminated. The district court reviewed the paystubs submitted to the CSM and determined that appellant's testimony that he had not regularly worked overtime since September 2015 was inconsistent with his paystubs, and that although appellant offered a letter from his employer indicating that overtime was being limited, it did not sufficiently state that appellant was not working overtime.

Based on these findings, the district court was within its discretion to use an annual average based on the fluctuations in appellant's income. Therefore, we conclude that the district court's determination of appellant's income was not clearly erroneous.

**III.**

Finally, appellant argues that the decrease in his income and increase in respondent's income are substantial changes in the circumstances making the current support obligation unfair and unreasonable, and that the district court was required to recalculate his support obligation and modify the support order accordingly. We disagree.

The CSM did not find that the emancipation of the parties' older child or the increase in respondent's income were substantial changes in circumstances rendering the existing child support order unreasonable or unfair. The district court affirmed the CSM's findings and further concluded that appellant failed to demonstrate that the parties' stipulation in the judgment and decree was inequitable. However, because respondent agreed to waive the accrued COLA adjustments, the district court partially granted appellant's motion to modify his child support obligation by reducing his obligation back to the original stipulated amount of $1,800.

7

The bases for modifying a child support order are codified in Minn. Stat. § 518A.39, subd. 2 (a) (2016), which provides:

> The terms of an order respecting maintenance or support may be modified upon a showing of one or more of the following, any of which makes the terms unreasonable and unfair: (1) substantially increased or decreased gross income of an obligor or obligee; (2) substantially increased or decreased need of an obligor or obligee or the child or children that are the subject of these proceedings; . . . or (8) upon the emancipation of the child, as provided in subdivision 5.

The party who moves to modify an existing child support order has the burden of demonstrating that one of the section 518A.39 "substantial change in circumstances" factors is applicable, and as a result, the award is unfair and unreasonable. *Bormann*, 644 N.W.2d at 480–81. If applying the child support guidelines to the current circumstances of the parties results in a support calculation that is at least 20% and $75 higher or lower than the current support order, a substantial change in circumstances is presumed, and an additional, rebuttable presumption of unreasonableness and unfairness arises. Minn. Stat. § 518A.39, subd. 2(b)(1) (2016).

To determine whether the statutory presumption of substantial change in circumstances applied, the district court calculated that the application of the child support guidelines to the current circumstances of the parties resulted in a basic support obligation of $1,515. The district court concluded that the guidelines support amount of $1,515 was not 20% lower than the reduced order of $1,800. Appellant argues that the district court erred in using the reduced order amount of $1,800 and instead should have performed the calculation based on the current order amount at the time of appellant's motion, which was

8

$2,042. Using this amount would result in a difference of 25.8%, and the rebuttable presumption of unreasonableness and unfairness would arise.

Appellant is correct that the proper amount to use in the substantial change of circumstances calculation was the amount in the current order, not the amount in the reduced order.[1] However, despite the incorrect calculation and resulting presumption of unreasonableness and unfairness, we conclude that the district court did not abuse its discretion in declining further modification because there is sufficient evidence in the record to rebut this presumption.

The CSM calculated appellant's average gross monthly income including overtime wages had increased from $5,833 at the time of the issuance of the judgment and decree to $7,750. The CSM determined that respondent's average gross monthly income had increased from $650 at the time of the issuance of the judgment and decree to $2,203. Accordingly, although respondent's income increased since the judgment and decree, appellant's income did as well, with an increase of $364 per month in the disparity between appellant's higher income and respondent's lower income. As highlighted by the district court, the key change in circumstances between appellant and respondent which led to the

---

[1] Minn. Stat. § 518A.39, subd. 2 (b)(1) requires that the calculation be made between the amount of support calculated based on the "current circumstances of the parties" and the amount of support mandated by "the current support order." At the time of appellant's motion, the support order required payment of $2,042, taking into account the COLA increase.

decrease in appellant's calculated support obligation was the emancipation of their oldest child.[2]

The parties stipulated to appellant's initial child support obligation of $1,800 in the judgment and decree. While a stipulation which fixes the parties' child support rights and obligations "does not bar later consideration of whether a change in circumstances warrants a modification," the district court should alter the support order "carefully and only reluctantly." *O'Donnell v. O'Donnell*, 678 N.W.2d 471, 475 (Minn. App. 2004) (quotations omitted).

The CSM found that this stipulated agreement was a global settlement of the claims between appellant and respondent, and explicitly contemplated the continuing payment of a fixed rate despite the successive emancipations of the parties' children. Our review of the record reveals that the consideration for this atypical arrangement is not stated directly, however it is noteworthy that despite the disparate incomes of the parties at the time of the marital dissolution, respondent was not awarded even temporary spousal maintenance. Given the continuing disparity of income between appellant and respondent, and the fact that the emancipation of the oldest child was explicitly contemplated by the parties at the time the agreement was entered, there is adequate evidence in the record to rebut the statutory presumption that the current support order is unreasonable and unfair.[3]

---

[2] The current support calculation based on three children results in a change of $527, or 25.8%. The current support calculation based on four children results in a change of $284, or 13.9%.

[3] Even absent sufficient evidence to rebut the presumption of unreasonableness, appellant's proposed remedy is not supported by the statute. Minn. Stat. § 518A.39, subd. 2(a) states that the district court *may* modify child support upon a showing that a substantial change

10

Here, the district court, despite finding that appellant had failed to carry his burden in demonstrating that the current support order was unreasonable and unfair, nevertheless reduced appellant's support obligation down to $1,800. This reduction was an acknowledgment of respondent's testimony that she was willing to "waive" the accrued COLA increases and go back to the amount stated in the decree. Based on the wide discretion afforded the district court in modifying support orders, and the lack of change in the parties' circumstances which were unanticipated at the time of the stipulation, we conclude that the district court's partial reduction of appellant's support obligation was not against logic and the facts on record.

**Affirmed.**

---

in circumstances makes the previous order unreasonable and unfair. By using the permissive word "may," the statute grants the district court discretion to decide whether to modify child support, and in what amount, even when there has been a substantial change in circumstances. *See* Minn. Stat. § 645.44, subd. 15 (2016). There is no legal basis for mandating that the district court use the presumptively appropriate guideline support amount from the current support obligation calculation as the final figure in the actual child support award, as appellant proposes.