# MARGUERITE B. JOHNSON v. CHESTER W. JOHNSON.
## VAN VALKENBURG, BLAISDELL & MOSS AND GISLASON, REIM & MINIUM, PETITIONERS.

97 N. W. (2d) 279.

June 5, 1959—No. 37,685.

*Leo J. Lauerman* and *Lindmeyer & Lindmeyer,* for appellant.
*Gallagher, Farrish, Sheran & Zimmerman,* for respondents.

34

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court denying defendant's blended motion for amended findings of fact, conclusions of law, and order for judgment or for a new trial and from the judgment entered.

The facts essential to a determination of the issues involved in this appeal may be briefly stated as follows: In January 1955 plaintiff consulted petitioner Horace Van Valkenburg, an attorney at law practicing his profession in the city of Minneapolis, relative to the commencement of an action for divorce from her husband. The action actually was started in November of that year. At the commencement thereof, plaintiff moved for temporary alimony and for an allowance of attorneys' fees and suit money to enable her to carry on the action during the pendency thereof. The court allowed her temporary alimony of $435 per month and temporary attorneys' fees of $750, plus suit money of $100. Attorneys' fees and suit money allowed were paid by defendant. Shortly prior to the trial of the case the parties became reconciled, whereupon the attorneys for the parties executed a stipulation of dismissal reading as follows:

"IT IS HEREBY STIPULATED by and between the above named parties, through their respective attorneys, being the undersigned, that the above entitled action is hereby dismissed, provided, however, that the Court shall retain jurisdiction of this matter for the purpose of determining and adjudicating the amount of attorneys' fees for the attorneys for the plaintiff herein, and that the clerk of said Court may so indicate the same upon his files.

"IT IS FURTHER STIPULATED by and between the above named parties, through their respective attorneys, that said parties hereby join in petitioning the Court to make its appropriate order sealing the file in the above entitled matter from the public for all purposes other than those definitely provided by statute."

Pursuant thereto, the court issued an order for dismissal which read as follows:

"Pursuant to the attached Stipulation of Dismissal, and upon the joint motion of the parties in the above entitled case, through their respective attorneys,

"IT IS HEREBY ORDERED, that the above entitled matter be and the same is hereby dismissed, provided, however, that the Court retains jurisdiction for the purpose of adjudicating and determining the amount of attorneys' fees for the attorneys for the plaintiff herein."

Thereafter in September 1958, petitioners asked the court for an award of attorneys' fees and expenses pursuant to M. S. A. 518.14. The matter came on for trial before the court and an advisory jury. The jury returned verdicts in favor of petitioners, finding that Van Valkenburg, Blaisdell & Moss were entitled to recover $3,000 in addition to what they had already been paid and that Gislason, Reim & Minium were entitled to recover $350. Based on this verdict, the trial court made findings of fact and conclusions of law in which it found that Van Valkenburg, Blaisdell & Moss had performed services for plaintiff of the reasonable value of $3,205.79 and had necessarily paid out costs and disbursements in the preparation of the action for trial of $644.21. After crediting thereon the sum of $850 paid pursuant to the court's order at the commencement of the action, the court found that said attorneys were entitled to recover $3,000 consistent with the jury's verdict. The court found that Gislason, Reim & Minium had performed legal services for plaintiff of the reasonable value of $316.20 and had paid out and advanced necessary disbursements and costs in the sum of $33.80 and that said attorneys were entitled to recover judgment against defendant for $350, which likewise was the amount awarded by the jury. Judgment was ordered pursuant to these findings.

The questions presented for our determination are: (1) Does the trial court have jurisdiction to entertain a motion for the allowance of attorneys' fees for services rendered for a wife in an action brought against her husband for divorce in the original divorce action after such action has been dismissed pursuant to a reconciliation of the parties? (2) Did the court commit reversible error in the admission of evidence?

■ Defendant contends that the trial court lacked jurisdiction to entertain petitioners' motion for a determination of attorneys' fees in the original divorce action after a dismissal thereof. There can be no doubt that defendant's position was unanswerable under our statute (§ 518.14) as it existed prior to the amendment thereof by L. 1955,

c. 687. We had so held in Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450; Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617, 28 Minn. L. Rev. 488 (involving the same parties as are involved in this case); Rhein v. Rhein, 244 Minn. 260, 69 N. W. (2d) 657. Elsewhere there is a division of authority on this subject, but our prior decisions undoubtedly followed the majority view.[1] However, our statute was amended by L. 1955, c. 687, to read as follows:

"In any action brought either for divorce or separate maintenance, the court, in its discretion, may require one party to pay a reasonable amount, necessary to enable the other spouse to carry on, or to defend the action, and to support such spouse and the children during its pendency. The court may adjudge costs and disbursements against either party. The court may authorize the collection of any money so awarded by execution, or out of any property sequestered, or in any other manner within the power of the court. An award of attorney's fees made by the court during the pendency of the action or in the final judgment survives the action and if not paid by the party directed to pay the same may be enforced as above provided or by a separate civil action brought by the attorney in his own name. *If the action is dismissed or abandoned prior to determination and award of attorney's fees the court may nevertheless award attorney's fees upon the attorney's motion and such award shall also survive the action and may be enforced in the same manner as last above provided.*" (Italics supplied.)

As a result of this amendment, our decisions under our former statute are no longer authority for the proposal asserted by defendant nor are the decisions from other jurisdictions having statutes dissimilar to ours.

It is argued that the statute as amended deals only with alimony and attorneys' fees pending the suit. The title of the statutory provision as codified by the revisor of statutes might lead to that conclu-

---

[1] See, 17 Am. Jur., Divorce and Separation, § 650; Annotations, Ann. Cas. 1913A, 798, and 45 A. L. R. 941. For a discussion of many of the cases pro and con, see Kiddle v. Kiddle, 90 Neb. 248, 133 N. W. 181, 36 L.R.A. (N.S.) 1001, Ann. Cas. 1913A, 796; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935.

sion, but reference to the title in the amending act clearly indicates that the legislature intended to go much farther than that. The title in the act reads as follows:

"An act relating to actions for divorce or separate maintenance, providing for temporary alimony or support money during the pendency thereof, and *the payment of costs, disbursements, and attorney fees therein*; amending Minnesota Statutes 1953, Section 518.14." (Italics supplied.)

It is apparent that the provisions of the amending act dealing with allowance of attorneys' fees are not limited to temporary fees allowed during the pendency of the action as are the provisions relating to payment of support money. The provisions dealing with the allowance of attorneys' fees separately provide for survival of the action as to fees allowed during pendency of the action and those allowed if the action is dismissed or abandoned prior to a determination thereof. There could have been no purpose in adding such sentence to the amending act if defendant's contention were tenable. It must follow that under § 518.14, as amended, a divorce case now survives a voluntary dismissal or abandonment thereof for the purpose of permitting the trial court to fix and allow attorneys' fees for services rendered up to the time of the dismissal. Such fees must be limited to compensation for services rendered up to the time of the dismissal.

It is argued that to allow a divorce action to continue after a voluntary dismissal as a result of the reconciliation of the parties for the purpose of allowing attorneys' fees is contrary to public policy and contravenes our constitution. A determination of public policy in divorce matters lies largely with the legislature. We see no constitutional barrier to the enactment of a survival statute such as we have here.[2]

We need not determine the question whether the attorneys for a wife suing for divorce may recover from the husband in an independent action after a voluntary dismissal or abandonment of the divorce case since that question is not involved in the present action.[3]

---

[2]See, Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935.

[3]For annotations on this subject, see Annotations, 25 A. L. R. 354 and 42 A. L. R. 315.

Defendant also contends that, even if the statute permits the court to fix and allow attorneys' fees after a dismissal of the action, the statute does not permit the allowance of disbursements. It is true that the statute does not specifically mention disbursements. However, the title of L. 1955, c. 687, deals with payment of "costs, disbursements, and attorney fees." Inasmuch as the court is permitted to retain jurisdiction of the divorce action after a dismissal, we think that the court, while so retaining jurisdiction, may determine the disbursements and expenses incurred prior to dismissal and allow them as an incident of the power so conferred upon it. It would be absurd to hold that the legislature intended to confer on the court authority to retain jurisdiction of the suit for the purpose of allowing attorneys' fees but not the expenses actually paid or incurred in the action prior to dismissal. It would have been better if the statute had expressly included disbursements as it does in the title of the amending act, but, in ascertaining the intention of the legislature, we believe that the allowance of disbursements is an incident of the legislative grant of power inherent in the survival jurisdiction.

■ It is also argued that inasmuch as the trial court had allowed temporary alimony and expenses, including attorneys' fees, prior to the dismissal of the case the allowance of attorneys' fees is res judicata and the court lacked jurisdiction to allow any further fees to the attorneys. This argument is not tenable. Temporary attorneys' fees, the same as temporary support money, are allowed pending a divorce action only as a stopgap to enable a wife to carry on the suit or to survive, as the case may be, until there can be a final determination of the action on the merits. In neither case is such allowance a final adjudication of the rights of the parties and, as such, it is not res judicata.

■ The balance of defendant's assignments of error deal with the trial court's admission of evidence. Defendant's argument is based largely upon the proposition that it is against public policy to permit the attorney for a wife in a divorce action to air in public the charges and countercharges of the parties after there has been a reconciliation.

At the outset, it must be kept in mind that the trial of the issue involved here ordinarily would be heard by the court without a jury.

By order of the trial court dated October 23, 1956, the case was placed upon the calendar for trial "with the right of *defendant* to a jury trial of the issues involved." (Italics supplied.) At least three times during the trial of the case, petitioners offered to try the case to the court without a jury and requested that the jury be discharged. Defendant would not consent to do so. Apparently he thought that his chances of winning the lawsuit were better before a jury than before the court. If any harm has resulted from "washing dirty linen" in the presence of a jury, it must be chargeable to defendant's insistence upon a jury trial. Furthermore, the jury acted in an advisory capacity only, and the court was free to accept or reject the verdict as it saw fit. In the light of these facts, the case should be viewed the same as if it had been tried by the court without a jury.

Much of the evidence which defendant contends was improperly received consists of statements of people who might have been called as witnesses if the divorce case had proceeded to trial. It is claimed that some of these statements are hearsay and that others are privileged.

An examination of the original file in the divorce case, as well as the exhibits received in this case, demonstrates without any doubt that the charges and countercharges of the parties were about as far reaching and vituperative as charges in a divorce case can be. In response to a bill of particulars by plaintiff, defendant served on her attorneys a document consisting of 19 typewritten pages in which plaintiff was accused of a great many and varied acts of misconduct. Even a cursory examination of the affidavits and counteraffidavits of the parties to be found in the file would lead to no other conclusion than that the parties were pointing toward a "bare-knuckled" fight, in which each was prepared to go the limit without any consideration for the personal feelings of the other or the harm which might be done to their reputations. Under these circumstances, it was not only prudent but essential that plaintiff's attorneys be prepared not only to establish the charges she made against her husband but to rebut the charges that he made against her. While the statements which defendant claims were erroneously admitted do consist for the most part of hearsay of third parties, they were not admitted to prove the truth of the statements

but only to substantiate petitioners' claim for services and to establish that such services were reasonably necessary in preparing for trial. In view of the reconciliation of the parties, it would do neither of them any good to relate in this opinion the nature of these statements. It is enough to say that for the purpose of showing the amount of work done, the value of such services, and the practical necessity of doing it they were properly admitted. If the case had been tried to the court, as it probably should have been, it is doubtful whether the admission of these documents would be reversible error even if erroneously admitted on the state of this record.[4]

Something might be said about one item of evidence that was admitted and upon which defendant relies for reversal. Throughout the trial and in the argument to the jury, defendant strenuously urged that petitioners' services were not worth what they claimed them to be and that defendant's income was rather moderate. His income tax statements showed a very moderate income. In order to counteract these claims, petitioners offered a part of the record before this court in Baskerville v. Baskerville, 246 Minn. 496, 75 N. W. (2d) 762. In that case defendant was the attorney for defendant wife. He testified in that case as follows:

"In stating the fair and reasonable value [of his services], I think I should explain this to the Court. I have set the fair and reasonable value at $200 per day. That is averaging all the days out the same. If I were to segregate the trial days from the other days, I might very well raise that amount, but I might say it this way, that for a long time prior to the time that I entered in this case, and up to the present time, I have averaged over $200 a day for every day that I have worked except as to the time applied in this case, and I have put the fees at the very minimum, based upon what I made before, and up to the present time, of every day that I worked, whether in or out of court."

Defendant does not deny so testifying in the Baskerville case. Under the circumstances of this case, we think that the evidence was properly admitted. If defendant had not challenged the value of petitioners' services, the offered evidence might well have been inadmissible. In

[4]See, Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202.

any event, we do not think that it was so prejudicial that its admission would constitute reversible error.

There are some discrepancies between the testimony of petitioners and their records, but these matters involve purely questions of credibility of the witnesses and the weight to be given to their testimony. That was a matter that rested with the jury and the trial court. Having thoroughly examined the record herein, we are convinced that the evidence sustains the findings of the court and that the case should be affirmed. Other claims of defendant do not merit any discussion.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.