In re the Marriage of Linda J. **STEPHENS, n.k.a. Linda J. Owens, petitioner, Respondent,**

v.

**Kenneth J. STEPHENS, Appellant.**

**No. C9–86–1662.**

Court of Appeals of Minnesota.

June 9, 1987.

Peter H. Watson, Minneapolis, for respondent.

Michael P. Gallagher, Hopkins, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and CRIPPEN and MULALLY,[*] JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from the trial court's grant of an increase in child support, an award for arrearages, and attorney fees.

---

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

We affirm in part, and reverse and remand in part.

## FACTS

The marriage of the parties was dissolved by final judgment and decree dated August 10, 1981. The decree awarded custody of two children to respondent Linda Owens, and left the issue of child support open pending the submission of affidavits. On an interim basis, the court kept in effect a 1980 temporary relief order requiring appellant to pay $150 per month child support. A subsequent order of August 27, 1981, increased the support amount to $300 per month.

In April 1986, respondent moved that child support be increased to $450 per month. In an order issued in May, the court increased child support payments to $450, finding that over the last five years appellant's income had increased significantly, as had the cost of living, and that respondent did not have "significant amenities" because of her limited income.

In her 1986 motion, respondent also moved the court for an award of arrearages for unpaid child support payments accrued between 1981 and 1986. The court found that appellant was in arrears in the amount of $3475. Appellant claimed credits toward the arrearages, including $617.36 for a mortgage payment made in 1980, $1051 for personal property he claimed was not delivered to him by respondent, and additional credits for months when he was unemployed. The court credited the mortgage payment and permitted a $675 credit for the period of unemployment, but denied credit for the unreturned personal property. The court also awarded respondent $800 in attorney fees and costs "incurred in pursuance of this motion."

Subsequent to the court's order, appellant sought and was denied additional credits of over $3000. Appellant claimed another $150 credit for his period of unemployment, and a $2300 credit for a mortgage payment made in 1981 which had not been reported in the original proceedings. He also restated his request for a $1051 credit for unreturned personal property. Appellant also received a credit of $150 for a support payment made in April 1986.

This appeal is from an August 1986 decision denying appellant's motion for relief from the court's May order.[1]

## ISSUES

1. Did the trial court err in increasing child support payments from $300 to $450 per month?

2. Did the trial court err in calculating arrearages owed by respondent?

3. Did the trial court err in awarding respondent $800 in attorney fees?

## ANALYSIS

### I.

The decision to modify a child support order lies in the broad discretion of the trial court, and an appellate court will reverse only where it finds a clearly erroneous conclusion that is against logic and the facts on record. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986).

 When considering a support modification motion, the trial court must first determine whether there has been a substantial change in circumstances, such as substantially increased or decreased earnings of a party or substantially increased or decreased needs of a party. *Witeli v.*

---

1. We note respondent's argument that this court lacks jurisdiction to consider an appeal from the trial court's May 16 modification order because appellant failed to appeal within 30 days after service of written notice of filing of that order as prescribed by Minn.R.Civ.App.P. 104.01. Based upon an examination of the file, it is evident that the clerk never entered judgment on the May 16 order for amended findings as directed by Minn.R.Civ.P. 58.01. *See* Minn.Stat. § 548.08 (1986). Judgment was entered only on the denial of appellant's August motion for an order for amended judgment. The clerk's actions were tantamount to a stay under Rule 58.02. *See Kennedy v. Kennedy*, 403 N.W.2d 892, 896 n. 4 (Minn.Ct.App.1987). Since denial of a motion to modify a final order in a dissolution proceeding is appealable, the issues presented by appellant are properly before this court. *See Angelos v. Angelos*, 367 N.W.2d 518, 520 (Minn.1985).

*Witeli,* 392 N.W.2d 756, 757–58 (Minn.Ct. App.1986); Minn.Stat. § 518.64, subd. 2. (1986). If such a change in circumstances can be shown by the moving party, the court must then consider statutory factors to determine whether the change has made the order unreasonable and unfair. *See Price v. Price,* 390 N.W.2d 483, 458 (Minn. Ct.App.1986). If the court finds the order unfair, there must then be a decision on what modification to make. *Moylan,* 384 N.W.2d at 864. In determining the unfairness issue and setting the new support award, the court must consider the needs of the children. *Id.;* Minn.Stat. § 518.64, subd. 2 (1986).

▮ Here, the court found that appellant's income had "changed significantly," and treated this as a substantial change in circumstances. The evidence supports the court's finding on this factor. However, the court failed to make findings determining whether the change in circumstances rendered the original order unfair. The court made no findings regarding appellant's needs, respondent's needs and resources, or the needs of the children (either separately or as a part of the needs of the custodial parent). The court also failed to consider these same factors in determining what modification to make.

Under *Moylan,* we are required to remand the case for findings bearing on the unfairness of the original support award. If the original award has become unfair, the court must determine what modification to make.

▮ We note that respondent argues the trial court made sufficient findings by general references to her needs. The court observed that the cost of living had significantly increased, and that respondent does without significant amenities. While inflation is one factor the court may consider, neither of the trial court's findings is sufficiently specific to facilitate a child support modification decision. *See Martin v. Mar-*

*tin,* 382 N.W.2d 920, 923 (Minn.Ct.App. 1986).

## II.

Appellant attacks the trial court's award of arrearages on two bases. First, appellant argues that the court erred in calculating the amount in arrears based on a support obligation of $300 per month, since a 1982 amended judgment set support at $150 per month. Second, appellant contends the court erred by overlooking certain claimed credits in determining the total amount of arrearages.

▮ Appellant's first contention is well taken. When the parties obtained a dissolution of their marriage in August of 1981, the court continued, on an interim basis, the obligation first set in a 1980 temporary relief order. The temporary order called for appellant to pay $150 per month in support. Two weeks after its dissolution decree, the court issued an order increasing appellant's support obligation to $300 per month and an amendment to the judgment was entered accordingly. In January 1982, the court issued a post-judgment order prompted by visitation issues. This amended judgment repeated the child support provision in the original decree, directing continued performance of the $150 temporary support order. The clerk duly entered this as the judgment of the court.

There is evidence indicating that the parties treated the support obligation as one for $300 despite the 1982 amended judgment, perhaps suggesting that the court repeated the original provision inadvertently. However, there has been no legal determination as to the effect of the 1982 amended judgment and the amount of support in effect at the time of the 1986 modification hearing. On remand, the trial court is required to hear the merits of any motions of the parties for vacation of the 1982 judgment.[2] Absent such a motion and

**2.** If the 1982 judgment is in effect, this also raises an issue pertinent to respondent's petition for modification of appellant's child support obligation. The 1982 provision, using the same language found in the August 10, 1981 judg-

ment, reserves the child support issue for a later determination. Nevertheless, we view the 1986 trial court decision as one for modification of an award, not an original determination. It is evident the initial reservation of the issue was

a finding of lawful cause for relief from the judgment, the court is required to recalculate the arrearages.

 Alternatively, should it be found that there is a legal basis for preserving the original arrearage calculation, there is no need for the court to reconsider denial of appellant's claimed credits for an additional $150 during his unemployment, $1051 for unreturned personal property, and $2300 for a mortgage payment made in 1981. Appellant was granted a $675 credit for his period of unemployment, and was denied only his subsequent claim for an additional $150 for the same period of unemployment. This determination was within the trial court's discretion. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct.App. 1984). Without denying that he was entitled to some form of relief for personal property not returned to him, the court refused to use that claim to offset appellant's child support obligation. This was not an abuse of discretion. Appellant's claim for credit for a $2300 mortgage payment, submitted in his motion for amended findings, was not made in the original modification proceeding, and appellant did not move for a new trial in that proceeding to allow for the introduction of new evidence. Consequently, this court cannot consider this claimed credit.

### III.

 As part of its amended order, the trial court granted respondent $800 in attorney fees. Appellant insists that the trial court previously denied the same claim, and that the earlier ruling is res judicata as to any award of attorney fees. The record shows the denial of a request for fees accompanying respondent's 1985 motion for relief based on alleged discovery rule violations by appellant. It is true that respondent's argument for fees restated her prior grievance regarding discovery violations. It is also true, however, that the court granted attorney fees based on rights of the parties in the modification proceed-

ing before it. *See Johnson v. Johnson,* 256 Minn. 33, 38, 97 N.W.2d 279, 283 (1959). The trial court's award to respondent of a portion of her attorney fees incurred in pursuance of the modification was not an abuse of discretion. *See Lammi v. Lammi,* 348 N.W.2d 372, 375 (Minn.Ct.App. 1984); Minn.Stat. § 518.14 (1986).

### DECISION

1. The trial court abused its discretion in modifying a child support obligation without making the necessary findings or analyzing the appropriate factors as required under *Moylan.*

2. The trial court did not abuse its discretion in disallowing claimed credits on arrearages. However, the inadvertent inclusion of a provision in the 1982 amended judgment, reinstating a temporary order for support, requires that this case be remanded for consideration of the effect of that order, if any, on appellant's obligation for arrearages.

3. It was not an abuse of discretion to award respondent a portion of her attorney fees.

Affirmed in part, and reversed and remanded in part.

---

intended to be for a short duration, through the time needed for preparation of affidavits. Moreover, prolonged reservation of an issue is

not permitted as a device to avoid the restrictive standards of modification statutes. *See Kennedy,* 403 N.W.2d at 899 (Minn.Ct.App.1987).