George E. EFFREM, et al., Appellants,

v.

Paul C. EFFREM, Defendant,

Saliterman & Siefferman, P.C.,
interested observer,
Respondent.

No. A11–1539.

Court of Appeals of Minnesota.

June 18, 2012.

William M. Hart, Damon L. Highly, Timothy W. Ridley, Branan Shane Barnes, Meagher & Geer, P.L.L.P., Minneapolis, MN, for appellants.

Richard Saliterman, Brett M. Larson, Saliterman & Siefferman, P.C., Minneapolis, MN, for respondent.

Considered and decided by STAUBER, Presiding Judge; WORKE, Judge; and CONNOLLY, Judge.

## OPINION

STAUBER, Judge.

On appeal from a judgment awarding respondent-law firm an attorney lien under Minn.Stat. § 481.13 (2010), appellants argue that (1) the district court erred by including the collection fees and costs incurred in obtaining the lien in the amount of the lien because the inclusion of such fees and costs is not authorized under section 481.13 and (2) if the inclusion of collection fees and costs is authorized under the statute, the district court erred by establishing the amount of respondent's attorney lien because the amount was premised on an order that reduced the amount of the lien awarded. Because Minn.Stat. §. 481.13 does not allow attorney fees and costs in obtaining an attorney lien to be included in the amount of the lien, we reverse and remand.

## FACTS

In June 2008, appellants Timothy C. Effrem and George E. Effrem retained respondent Saliterman & Siefferman, P.C. to represent them in an action against defendant Paul Effrem. The retainer agreement provided that respondent was retained to "[r]esearch and review ... facts and law; [h]elp client develop strategy; and commence litigation [on behalf] of clients for relief against [defendant] and others incident to wrongful/unlawful conduct in handling Estate of Chris G. Effrem and related matters and relief at law and

equity." The agreement further provided that: "In the event of any dispute or need to enforce this agreement, it is agreed that ... the client shall pay all costs of collection including reasonable attorney's fee[s] if the law firm prevails in such action."

In November 2008, appellants discharged respondent as their counsel and retained Meagher & Geer, P.L.L.P. to proceed with their action against defendant. At the same time, appellants paid respondent $19,159.09 for its services, but refused to pay the remaining balance. Consequently, respondent filed notices of attorney liens in the total amount of $63,490.95 with the district court and the Hennepin County Registrar of Titles.

Appellants reached a settlement with defendant in September 2009, wherein appellants would be entitled to a payment of $61,500 from defendant, and appellants would secure a release of respondent's attorney lien that had been registered against defendant's real property. Shortly thereafter, respondent moved to determine its attorney lien pursuant to Minn.Stat. § 481.13. Respondent claimed that its final billing for services to appellants totaled $71,595.03. Respondent further claimed that it had incurred $9,655.20 in fees and costs in obtaining its lien, bringing the amount sought to $81,250.23.

Following a hearing, the district court appointed a special master to make recommendations to the court regarding the appropriate amount of respondent's attorney lien. The special master recommended that respondent be awarded only $35,000 in attorney fees against appellants. Respondent requested that the district court review the special master's recommendation de novo, while appellants requested that the district court adopt the special master's recommendation. The district court filed its order on September 7, 2010, denying appellants' request and concluding that respondent is entitled to an attorney

lien in the amount of $61,500. The court also concluded that the lien would attach to appellants' settlement proceeds in the same amount.

In October 2010, appellants sought permission to request reconsideration of the district court's order. Because it did not have access to all the materials submitted to the special master when it issued its September 7, 2010 order, the district court granted appellants' request to bring a motion to reconsider. Upon reconsideration, the court filed its order on April 1, 2011, concluding that respondent established its attorney's lien under Minn.Stat. § 481.13, which attached to the settlement proceeds. The court also reduced the amount of respondent's attorney lien to $46,708.98, which included $9,655.20 in reasonable collection costs sought by respondent. An amended order was filed on April 12, 2011, stating that the amount of the lien was $46,227.23, plus respondent's reasonable collection fees and costs of $15,885.18.

On April 21, 2011, respondent moved for additional collection fees and costs. Specifically, respondent claimed that it is entitled to collect an *additional* $52,306.67 in collection fees and costs under Minn. R. Gen. Pract. 119.01, because the retainer agreement provides for these fees and costs. The district court disagreed, stating that "[w]hile the Court notes that the retainer agreement appears to provide for an award of attorney's fees, the Court further notes that [respondent] has failed to request those fees in an action brought under the retainer agreement." The court stated that respondent instead brought "a motion to determine its attorney's lien under [Minn.Stat. § ] 481.13." Thus, the court held that because respondent did "not bring a claim for breach of the retainer agreement against [appellants] in this case, the Court may not award [respondent] its attorney's fees pursuant to its

Rule 119.01 motion under the retainer agreement." Nonetheless, the court granted respondent's "apparent request that its additional billings in this case be included in its attorney's lien as collection costs." The district court then analyzed the reasonableness of respondent's additional billing statements, and concluded that respondent is entitled to additional collection fees and costs in the amount of $37,062.45; thus, the court concluded that the total amount of the attorney lien was $83,771.43. This appeal follows.

## ISSUES

I. Did the district court err by including the collection fees and costs incurred by respondent in obtaining its attorney lien within the amount of the lien?

II. Did the district court err by establishing the amount of respondent's attorney lien where, the subsequent additional award of fees and costs was premised on an order that reduced the amount of the lien awarded?

## ANALYSIS

Appellants argue that the district court erred by including in the amount of respondent's attorney lien, the law firm's attorney fees and costs in obtaining the lien because these fees and costs are not authorized under Minn.Stat. § 481.13. Conversely, respondent claims that the district court has discretion under Minn. Stat. § 481.13 to include in an attorney lien a law firm's collection costs incurred in obtaining the lien. Thus, respondent argues that the district court did not abuse its discretion in determining the amount of respondent's attorney lien and by including in it the additional fees and costs in obtaining the lien.

■ As an initial matter, the parties dispute the appropriate standard of review. Appellants contend that because the question before us requires the interpretation of section 481.13, the appropriate standard of review is de novo. Respondent argues that no such statutory interpretation is necessary, instead claiming that "[t]his case is merely one where the District Court used its discretion to enforce the retainer agreement, which specifically provides for collection costs and attorney fees."

■ An attorney has a lien for compensation on the client's interest in money or property involved in any action or proceeding in which the attorney was employed. *Dorsey & Whitney LLP v. Grossman*, 749 N.W.2d 409, 420 (Minn.App. 2008). An attorney lien is an equitable lien created to prevent a client from benefiting from an attorney's services without paying for those services. *Thomas A. Foster & Assocs. v. Paulson*, 699 N.W.2d 1, 5 (Minn.App.2005). If a client recovers money as a result of an attorney's services, the attorney lien acts as security to enable the attorney to recover fees owed by the client. *Id.*

Attorney liens are governed by Minn. Stat. § 481.13. Appellants claim that under this statute, an attorney's costs and fees associated with obtaining an attorney lien are not includable in the amount of the attorney lien. This question requires us to interpret section 481.13. Therefore, to the extent that the issue requires an interpretation of the statute, we conclude that the applicable standard of review is de novo. *See Grossman*, 749 N.W.2d at 420 (stating that the interpretation of the attorney-lien statute is a question of law that is reviewed de novo).

The attorney-lien statute provides in relevant part that:

An attorney has a lien for compensation whether the agreement for compensation is expressed or implied (1) upon the cause of action from the time of the service of the summons in the action, or

550

the commencement of the proceeding, and (2) upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section.

Minn.Stat. § 481.13, subd. 1(a). The statute further provides that an attorney's lien "may be established, and the amount of the lien may be determined, summarily by the court." *Id.*, subd. 1(c).

■ The goal of statutory interpretation and construction "is to ascertain and effectuate the intention of the legislature," and each statute "shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2010). This court construes the words of a statute "according to their common and approved usage." Minn.Stat. § 645.08(1) (2010). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, the court interprets the language according to its plain meaning without resorting to other principles of statutory construction. *State v. Kelbel*, 648 N.W.2d 690, 701 (Minn.2002).

Appellants agree that under the plain language of Minn.Stat. § 481.13, an attorney is entitled to a lien for compensation for services related to the representation of a client. But appellants point out "that the statute is silent as to whether attorneys' fees and collection costs incurred in enforcing the lien are properly includable in the attorneys' lien." Appellants argue that because the statute does not expressly include fees and costs incurred in enforcing the lien, "compensation" under the statute is limited to "compensation" for services directly related to the representation of the client. Thus, appellants argue that the district court erred by including in its attorney lien respondent's attorney fees and costs associated with obtaining the lien because these costs and fees were incurred *after* respondent's representation of appellants was terminated.

In deciding the issue, the district court found that it "has been unable to locate any binding legal authority regarding this issue." We echo this sentiment, as we also have been unable to find any Minnesota caselaw addressing the issue.[1] Therefore, the issue before us is one of first impression.

The plain language of the attorney-lien statute entitles respondent to a lien compensating it for the work the law firm performed in representing appellants. *See* Minn.Stat. § 481.13, subd. 1(a). The term "compensation," however, is not defined by the statute. And, although the statute provides that the attorney has a lien for compensation for services beginning at "the commencement of the proceeding" or "from the time of the service of the summons in the action," it does not state when the lien for compensation expires. *See id.*

■ "Basic rules of statutory construction instruct that words and phrases are to be construed according to their plain and ordinary meaning." *Astleford Equip. Co.*

---

1. Although *In re M. Arnold Lyons Family Trust*, No. A08–1134, 2009 WL 1311912 (Minn.App. May 12, 2009), has been cited to support respondent's position, we conclude that the case is of little guidance for two reasons. First, the issue before us was neither raised nor decided by the court in *Lyons*. *See* 2009 WL 1311912, at *4 (holding that where the retainer agreement was ambigu- ous, the district court did not err by excluding appellant-attorneys' costs of collection be- cause it was not clear under the agreement how the collection costs were to be calculat- ed). Second, because the case is unpub- lished, it carries no precedential weight. *See* Minn.Stat. § 480A.08, subd. 3 (2010) (provid- ing that unpublished opinions by the court of appeals are not precedential).

*v. Navistar Int'l Transp. Corp.*, 632 N.W.2d 182, 188 (Minn.2001). "Compensation" is commonly defined as "[r]emuneration and other benefits received in return for services rendered." *Black's Law Dictionary* 322 (9th ed.2009). *Black's Law Dictionary* further provides that "*[c]ompensation* consists of wages and benefits in return for services. It is payment for work. If the work contracted for is not done, there is no obligation to pay." *Id.* (citing Kurt H. Decker & H. Thomas Felix II, *Drafting and Revising Employment Contracts* § 3.17, at 68 (1991)).

■ The application of the common definition of the term "compensation" to the issue here indicates that costs and fees of collection are not includable in an attorney lien under Minn.Stat. § 481.13, subd. 1(a). As stated previously, respondent is entitled to "compensation" for its work performed pursuant to the retainer agreement. The retainer agreement expressly sets forth the hourly rate for the services to be performed by respondent on behalf of appellants. The work performed by respondent on behalf of appellants creates a right to "compensation" under the attorney-lien statute. Although the express language of the retainer agreement provides that respondent is entitled to recover its fees and costs associated with enforcing and collecting its "compensation," their collection fees and costs do not constitute "compensation" because they are not services rendered on behalf of the client. Rather, they are services performed on behalf of the law firm.

Respondent claims that because the retainer agreement expressly states that the law firm is entitled to recover the fees and costs associated with enforcing the agreement and collecting its "compensation," such fees and costs are includable in the attorney lien. But as appellants point out, and the district court found, respondent did not bring an action to recover these fees and costs pursuant to the retainer agreement. Instead, the claim was brought under Minn.Stat. § 481.13. Because these fees and costs do not constitute "compensation" under the common definition of the term, they are not includable in the attorney lien under section 481.13, subdivision 1(a).

We also note that the statute's description of the attorney-lien proceeding as a "summary" proceeding further supports our conclusion. *See* Minn.Stat. § 481.13, subd. 1(c). As appellants point out, a "summary proceeding" is a quick and simple proceeding. *See Black's Law Dictionary* 1324 (9th ed.2009) (defining a summary proceeding as "[a] nonjury proceeding that settles a controversy or disposes of a case in a relatively prompt and simple manner"). A proceeding wherein an attorney lien is sought is not a summary proceeding if the proceeding expands to include a separate action for costs and fees associated with the enforcement of the lien. Therefore, we conclude that the district court, despite its accurate analysis that Minn.Stat. § 481.13 does not include claims for fees and costs of lien enforcement, erred by including in the amount of respondent's attorney lien, the law firm's costs and fees incurred in establishing and enforcing the lien.

In light of our decision, we need not address appellants' alternative argument that the amount of the attorney lien should be substantially reduced because appellants were previously successful in reducing "the principal lien amount by half."

## DECISION

Attorney fees and costs associated with obtaining an attorney lien under Minn. Stat. § 481.13 do not constitute "compensation" because these fees and costs are not associated with work performed on behalf of the client. As a result, attorney

fees and costs associated with obtaining an attorney lien under section 481.13 are not includable in the amount of the lien. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

**Reversed and remanded.**

**A.A.A., Respondent,**