# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-1875

In re the Marriage of:
Sharon Marie Sanvik,
Petitioner Below,

Becky Toevs Rooney,
Appellant,

vs.

Charles W. Sanvik,
Respondent.

**Filed July 14, 2014**
**Reversed and remanded**
**Peterson, Judge**

Wright County District Court
File No. 86-FA-12-876

Kay N. Hunt, Lommen Abdo Cole King Stageberg P.A., Minneapolis, Minnesota (for appellant)

George R. Serdar, Messerli & Kramer P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Connolly, Judge; and Willis, Judge.[*]

## S Y L L A B U S

1.     When a party's motion for attorney fees under Minn. Stat. § 518.14, subd. 1 (2012), is pending upon dismissal of a divorce action, that party's right to seek

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

contribution for attorney fees from the opposing party continues and may be asserted by the party's attorney.

2.     Minn. Stat. § 518.14, subd. 1, does not permit a court to award conduct-based attorney fees against an attorney for a party in a divorce proceeding.

## O P I N I O N

**PETERSON**, Judge

Appellant is an attorney who represented wife Sharon Sanvik in a divorce proceeding against respondent husband.  After the divorce action was dismissed following Sharon Sanvik's death, appellant brought a motion for an order directing husband to pay the balance of attorney fees and costs owed by wife to appellant, and husband filed a cross-motion for an award of conduct-based attorney fees against appellant under Minn. Stat. § 518.14, subd. 1.  Appellant challenges the denial of her request for attorney fees and the award of conduct-based fees to husband.  We reverse and remand.

## FACTS

In January 2012, Sharon Sanvik hired appellant Becky Toevs Rooney to represent her in a divorce proceeding against respondent-husband Charles William Sanvik.  In August 2012, wife filed a motion that included a request for an award of costs and need- and conduct-based attorney fees.  Rooney submitted an affidavit of attorney fees and a second affidavit that explained the status of discovery requests and disputed issues and included an attached sworn statement by wife about her financial situation.  In a letter to the district court making an offer of proof to supplement the information provided on

attorney fees and asking permission to submit an additional affidavit, Rooney stated that the total amount billed to wife for attorney fees and costs through September 2012 was $38,880, that the unpaid balance was $27,480, that wife did not have the resources to pay more toward attorney fees and costs, and that Rooney could not continue to carry such a large account receivable or cover the cost of upcoming projected expenses.

In November 2012, the district court issued an order reserving wife's request for attorney fees for later determination. The next day, Rooney withdrew from representing wife. The district court granted in part Rooney's request for an attorney's lien against wife's interest in any money or property involved in or affected by the divorce proceeding.

Wife died in April 2013, and the district court dismissed the divorce proceeding. Rooney filed a motion for an order directing husband to pay the balance of attorney fees and costs owed by wife. Husband filed a responsive motion seeking an award of conduct-based attorney fees against Rooney under Minn. Stat. § 518.14, subd. 1. Rooney submitted an affidavit opposing husband's request for attorney fees and requesting additional attorney fees from husband for defending against his motion.

The district court denied Rooney's request for attorney fees based on its conclusion that Rooney had no "personal right to receive contribution toward [wife's] unpaid attorney's fees directly from [husband], based on Minn. Stat. § 518.14, subd. 1." The court also found that Rooney's claim for attorney fees was barred by res judicata because Rooney had previously made a claim for an attorney's lien under Minn. Stat.

§ 481.13 (2012). The district court awarded husband $6,050 in conduct-based attorney fees against Rooney and $300 in costs under Minn. Stat. § 518.14. This appeal followed.

## ISSUES

I.      Did the district court err in determining that Rooney was not permitted to seek attorney fees from respondent under Minn. Stat. § 518.14, subd. 1?

II.     Did the district court err in awarding respondent costs and conduct-based attorney fees?

## ANALYSIS

### I.

Statutory interpretation presents a question of law, which we review de novo. *Halvorson v. Cnty. of Anoka*, 780 N.W.2d 385, 389 (Minn. App. 2010).

> [T]he goal of all statutory interpretation is to ascertain and effectuate the intention of the legislature. The first step in statutory interpretation is to determine whether the statute's language, on its face, is ambiguous. In determining whether a statute is ambiguous, we will construe the statute's words and phrases according to their plain and ordinary meaning. A statute is only ambiguous if its language is subject to more than one reasonable interpretation. Multiple parts of a statute may be read together so as to ascertain whether the statute is ambiguous. When we conclude that a statute is unambiguous, our role is to enforce the language of the statute and not explore the spirit or purpose of the law. Alternatively, if we conclude that the language in a statute is ambiguous, then we may consider the factors set forth by the Legislature for interpreting a statute.

*Christianson v. Henke,* 831 N.W.2d 532, 536-37 (Minn. 2013) (quotations and citations omitted).

Minn. Stat. § 518.14, subd. 1, states:

4

[I]n a proceeding under this chapter or chapter 518A, the court shall award attorney fees, costs, and disbursements in an amount necessary to enable a party to carry on or contest the proceeding, provided it finds:

>(1) that the fees are necessary for the good faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;

>(2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and

>(3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Nothing in this section . . . precludes the court from awarding, in its discretion, additional fees, costs, and disbursements against a party who unreasonably contributes to the length or expense of the proceeding.  Fees, costs, and disbursements provided for in this section . . . may be awarded at any point in the proceeding . . . The court may authorize the collection of money awarded by execution, or out of property sequestered, or in any other manner within the power of the court.  An award of attorney's fees made by the court during the pendency of the proceeding or in the final judgment survives the proceeding and if not paid by the party directed to pay the same may be enforced as above provided or by a separate civil action brought in the attorney's own name.  *If the proceeding is dismissed or abandoned prior to determination and award of attorney's fees, the court may nevertheless award attorney's fees upon the attorney's motion.*  The award shall also survive the proceeding and may be enforced in the same manner as last above provided.

(Emphasis added.)

The district court's conclusion that Rooney was not permitted to pursue a motion for attorney fees is contrary to the plain statutory language allowing an attorney to do so. But the provision authorizing the court to award attorney fees following dismissal or abandonment of a divorce proceeding on an attorney's motion is ambiguous in that it

5

does not explain what fees may be awarded under the provision or to whom fees may be awarded. We, therefore, may consider the former statute and the provision's purpose. Minn. Stat. § 645.16 (2012).

`       The provision was added in a 1955 amendment to the statute. 1955 Minn. Laws ch. 687, § 1, at 1043-44. Before the 1955 amendment, the court's authority to award attorney fees in a divorce action came to an end upon dismissal of the action. *Akers v. Akers*, 233 Minn. 133, 142, 46 N.W.2d 87, 92 (1951). Following the 1955 amendment, in *Johnson v. Johnson*, the supreme court, in interpreting the amended statute, concluded that

> a divorce case . . . survives a voluntary dismissal or abandonment thereof for the purpose of permitting the [district] court to fix and allow attorneys' fees for services rendered up to the time of the dismissal. Such fees must be limited to compensation for services rendered up to the time of the dismissal.

256 Minn. 33, 37, 97 N.W.2d 279, 283 (1959). *See* Minn. Stat. § 645.17(4) (2012) (stating that "when a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language").

The statutory allowance of attorney fees in a divorce action recognizes that there may be an unequal division of assets between spouses during a marriage. Generally, a spouse is not liable to a creditor for the other spouse's debts. Minn. Stat. § 519.05(a) (2012). The 1955 amendment reflects a legislative judgment that an attorney should be afforded an effective means to collect fees from an opposing spouse upon dismissal of a

6

divorce action. We hold that when a party's motion for attorney fees under Minn. Stat. § 518.14, subd. 1, is pending upon dismissal of a divorce action, that party's right to seek contribution for attorney fees from the opposing party for fees generated up to the time of dismissal continues and may be asserted by the party's attorney.

The district court also determined that Rooney's claim for attorney fees was barred by res judicata because Rooney was previously granted an attorney's lien under Minn. Stat. § 481.13. Res judicata can bar a claim in a subsequent action when: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham,* 686 N.W.2d 829, 840 (Minn. 2004). Whether res judicata is available in a particular case is a question reviewed de novo. *Erickson v. Comm'r of Dep't of Human Servs.,* 494 N.W.2d 58, 61 (Minn. App. 1992).

Rooney was granted a lien against any money or property involved in or affected by the divorce proceeding. An attorney's lien is created to prevent a client from benefiting from an attorney's services without paying for them and provides security for recovery of fees. *Effrem v. Effrem*, 818 N.W.2d 546, 549 (Minn. App. 2012). The attorney's lien did not determine wife's right to contribution for attorney fees from husband. The district court, therefore, erred in determining that res judicata barred Rooney from pursuing wife's right to contribution for attorney fees from husband.

The district court also determined that Rooney could assert her claim for unpaid attorney fees in probate court or another civil action but not in the divorce action. In

7

doing so, the district court failed to recognize the connection between Rooney's unpaid fees and wife's right to contribution from husband. Rooney is asserting wife's right to contribution under Minn. Stat. § 518.14, subd. 1, a right that continued following dismissal of the divorce action. *See Johnson*, 256 Minn. At 37, 97 N.W.2d at 283.

Husband also argues that Rooney's claim for fees under Minn. Stat. § 518.14, subd. 1, is barred by the election-of-remedies doctrine because Rooney was granted an attorney's lien. The election-of-remedies doctrine requires a party to adopt one of two or more coexisting and inconsistent remedies that the law affords under the same set of facts. *Vesta State Bank v. Indep. State Bank*, 518 N.W.2d 850, 855 (Minn. 1994). This case does not involve inconsistent remedies. If wife had lived and the divorce action had proceeded to judgment, the district court would have determined wife's right to contribution from husband, and Rooney would have had a lien against any fees awarded to wife. The election-of-remedies doctrine does not apply to this case.

The district court erred in concluding that Rooney did not have the right to pursue wife's right to seek contribution for attorney fees from husband on Rooney's motion. On remand, the district court is instructed to determine wife's right to contribution to attorney fees from husband under Minn. Stat. § 518.14, subd. 1, for fees incurred before dismissal.

## II.

A conduct-based attorney-fee award is reviewed for an abuse of discretion. *Brodsky v. Brodsky*, 733 N.W.2d 471, 476 (Minn. App. 2007). A district court abuses its discretion by misapplying the law. *In re Adoption of T.A.M.*, 791 N.W.2d 573, 578

8

(Minn. App. 2010). When an attorney-fee award turns on the construction and application of a statute, it presents a question of law, which is reviewed de novo. *In re Estate of Holmberg*, 823 N.W.2d 875, 876 (Minn. App. 2012).

Minn. Stat. § 518.14, subd. 1, allows a conduct-based attorney-fee award "against a party who unreasonably contributes to the length or expense of the proceeding." Rooney was not a party to the divorce action. Accordingly, applying the unambiguous statutory language, the district court erred in awarding conduct-based attorney fees against Rooney.

## DECISION

The district court erred in concluding that appellant did not have the right to pursue wife's right to contribution to attorney fees from husband and in awarding conduct-based attorney fees against appellant under Minn. Stat. § 518.14, subd. 1.

**Reversed and remanded.**