*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0019**

Christensen Law Office, PLLC,
Respondent,

vs.

Daniel Olean,
Appellant,

Dan Kennedy,
Defendant.

**Filed September 14, 2015
Affirmed in part, reversed in part and remanded
Peterson, Judge**

Pine County District Court
File No. 58-CV-14-444

Carl E. Christensen, Christensen Law Office PLLC, Minneapolis, Minnesota (for respondent)

Daniel E. Olean, Finlayson, Minnesota (pro se appellant)

Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Stoneburner, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from a judgment on an attorney lien, appellant argues that the district court erred in (1) ordering the attorney lien enforceable against any real-property interest held by appellant; (2) including collection costs in the attorney lien; and (3) declining to address appellant's claims for unjust enrichment, breach of contract, and bad faith. We affirm in part, reverse in part, and remand.

## FACTS

After judgment was entered against appellant Daniel Olean in three civil cases arising out of his default on promissory notes, Olean hired respondent Christensen Law Office PLLC for appellate representation in two of the cases. *Kanabec State Bank v. Olean*, No. A13-0939 (Minn. App. Feb. 3, 2014), *review denied* (Minn. Apr. 15, 2014); *Kanabec State Bank v. Olean*, No. A13-0100 (Minn. App. Dec. 30, 2013), *review denied* (Minn. Mar. 18, 2014). The retainer agreement states that Olean will pay Christensen Law for legal services performed and for all expenses incurred in performing representation. The agreement specifies rates for services and states that eight percent annual interest will be charged on overdue fees and expenses and that Olean will be responsible for all collection costs if a collection action is necessary.

Olean believed that attorney Carl Christensen, who has extensive experience in debtors' remedies, would be handling the appeals. But an associate attorney worked on the appeals, and Olean was dissatisfied with the associate's performance. Christensen Law withdrew from representation after Olean yelled profanities at the associate and left

a voicemail stating that another attorney would be taking over handling the appeals.

Carl Christensen submitted an affidavit stating that when Christensen Law withdrew from representation, Olean owed $25,352.57 for attorney fees and expenses. Olean failed to make payments, and Christensen Law brought this action seeking to establish an attorney lien and foreclose the lien against real property owned by Olean. Christensen Law moved the district court to establish the lienholder, the amount of the lien, and the property to which the lien would attach.

Following a hearing, the district court granted Christensen Law a $25,352.57 attorney lien for legal fees and costs incurred in representing Olean and ordered it enforceable "against any real property interest held by" Olean. The district court also ordered that Christensen Law "may apply to the Court to have its attorneys' fees and costs incurred in connection with this motion added to the judgment; plus any fees and costs incurred after the entry of judgment by service and filing of an appropriate Affidavit of Counsel and accompanying billing records . . . ." After this appeal was filed, the district court awarded Christensen Law a judgment of $12,520.61 for collection costs, including attorney fees, costs, and interest. The court stated that Christensen Law was entitled to the collection costs "because Olean's representation agreement with Christensen Law Office PLLC provides for attorney fees, costs, and interest in the collection of any unpaid amounts to the firm."[1]

---

[1] Olean moved this court to strike documents from the addendum to his reply brief as outside the record. He also moved to substitute an April 7, 2015 order for a proposed order in the addendum. The documents and the order pertained to postjudgment

3

The availability of an attorney lien "traces its origins to common law, but the Minnesota legislature has long since preempted this field and has substituted statutory procedures." *Dorsey & Whitney LLP v. Grossman*, 749 N.W.2d 409, 420 (Minn. App. 2008) (quotation omitted). "Interpretation of the attorney-lien statute presents a question of law, which we review de novo." *Id.*

**I.**

Olean argues that the district court erred in ruling that the attorney lien is enforceable against any real-property interest held by Olean. The attorney-lien statute states:

> (a) An attorney has a lien for compensation whether the agreement for compensation is expressed or implied (1) upon the cause of action from the time of the service of the summons in the action, or the commencement of the proceeding, and (2) upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section.

> . . . .

> (c) A lien provided by paragraph[] (a) . . . may be established, and the amount of the lien may be determined, summarily by the court under this paragraph on the application of the lien claimant or of any person or party interested in the property subject to the lien.

Minn. Stat. § 481.13, subd. 1 (2014).

---

enforcement proceedings. This court granted the motion to strike and denied the motion to substitute.

After explaining a 2002 amendment that removed language permitting an enforcement proceeding under the attorney-lien statute, the *Dorsey* court construed the statute as follows:

> In light of the statutory amendment, the plain language of the current version of the attorney-lien statute authorizes the district court only to summarily establish the lien. It no longer authorizes the district court to enforce the lien in the summary proceeding; rather, it is silent as to the proper forum and means for enforcing the lien. In addition, the attorney-lien statute directs that, to "establish" a lien, the district court must identify the subject property. Thus, when a lien claimant petitions the district court under section 481.13, subdivision 1(c), the district court must determine (1) the lienholder; (2) the subject of the lien as defined by the attorney-lien statute; and (3) the amount due.
>
> The resulting judgment is in the nature of a declaratory judgment that establishes the lien, as defined by the district court with regard to the lienholder, the subject, and the amount. Accordingly, Dorsey's argument that the attorney-lien statute authorizes an unqualified personal judgment, independent of the action or proceeding in which the attorney provided representation, is without merit.

749 N.W.2d at 421-22 (citations omitted). In *Dorsey*, this court upheld the part of the judgment that was a lien against the patent proceeds involved in the litigation but reversed the part of the judgment that was an unqualified personal judgment. *Id.* at 422-23.

Christensen Law argues that because its request for establishment of an attorney lien was the first count in a multi-count action, the district court had the authority to order an unqualified personal judgment against Olean and, therefore, properly provided for the lien to attach to any real-property interest held by Olean. The other counts in the

5

complaint were for foreclosure of the lien, breach of contract against Olean, and conversion against Olean's former attorney. Even if the district court could properly have considered Christensen's request for establishment of an attorney lien together with the other claims in the action, Christensen Law moved the district court for summary establishment of an attorney lien under Minn. Stat. § 481.13, subd. 1(c). At the hearing on the motion, Christensen Law's attorney stated that the purpose of the hearing was to establish an attorney lien. The attorney stated:

> [I]t is a summary proceeding. It's equivalent to a declaratory judgment. And what the [c]ourt does today is rather simple. It does three things. One, it establishes the name of the creditor. Two, it establishes the amount of the lien. And, three, it establishes the property to which the lien is going to attach.
>
> The statute says that our firm had an inchoate lien that we're now making choate through this process upon the interest of the cause and any money or property involved in any action. The underlying case involved all the parcels that are named in our notice of motion, and it's actually in our complaint, related to the foreclosure of those, and any money or property involved or affected by any action, any funds or proceeds involved from those, that property.

Because Christensen Law opted to proceed under Minn. Stat. § 481.13, subd. 1(c), the judgment should have been limited to a lien against property involved in the appeals on which Christensen Law represented Olean. Therefore, we affirm the $25,352.57 attorney lien, but we reverse that part of the judgment providing for the lien to attach to any real-property interest held by Olean and remand for the district court to determine the proper subject of the lien.

6

**II.**

Olean argues that the district court erred in determining that Christensen Law was entitled to collection costs in addition to compensation for representing Olean. In *Effrem v. Effrem*, this court held that the district court erred in including collection costs in an attorney lien when the law firm brought a motion under Minn. Stat. § 481.13 and not an action for breach of the retainer agreement, which entitled the law firm to recover collection costs. 818 N.W.2d 546, 548-49, 551 (Minn. App. 2012). The court explained:

> The application of the common definition of the term "compensation" to the issue here indicates that costs and fees of collection are not includable in an attorney lien under Minn. Stat. § 481.13, subd. 1(a). . . . [R]espondent is entitled to "compensation" for its work performed pursuant to the retainer agreement. The retainer agreement expressly sets forth the hourly rate for the services to be performed by respondent on behalf of appellants. The work performed by respondent on behalf of appellants creates a right to "compensation" under the attorney-lien statute. Although the express language of the retainer agreement provides that respondent is entitled to recover its fees and costs associated with enforcing and collecting its "compensation," their collection fees and costs do not constitute "compensation" because they are not services rendered on behalf of the client. Rather, they are services performed on behalf of the law firm.
>
> Respondent claims that because the retainer agreement expressly states that the law firm is entitled to recover the fees and costs associated with enforcing the agreement and collecting its "compensation," such fees and costs are includable in the attorney lien. But . . . respondent did not bring an action to recover these fees and costs pursuant to the retainer agreement. Instead, the claim was brought under Minn. Stat. § 481.13. Because these fees and costs do not constitute "compensation" under the common definition of the term, they are not includable in the attorney lien under section 481.13, subdivision 1(a).

*Id.* at 551.

Although Christensen Law's complaint included a breach-of-contract action, the only issue before the court was the motion to establish an attorney lien under Minn. Stat. § 481.13, subd. 1(c). The district court determined that Christensen Law was entitled to recover collection costs under the representation agreement between Olean and Christensen. But, because the only issue before the court was the establishment of an attorney lien under Minn. Stat. § 481.13, subd. 1(c), the district court erred in determining that Christensen Law was entitled to collection costs. Although Olean did not appeal from the judgment awarding Christensen Law collection costs, he listed in his statement of the case the issue of whether the district court erred in determining that Christensen Law was entitled to collection costs. On appeal from a judgment, this court may review any order involving the merits or affecting the judgment or any other matter as the interests of justice require. Minn. R. Civ. P. 103.04. And this court may accord some latitude to a pro se litigant. *Liptak v. State ex rel. City of New Hope*, 340 N.W.2d 366, 367 (Minn. App. 1983). We, therefore, reverse the $12,520.61 judgment for collection costs.

### III.

Olean argues that the district court erred in declining to address his claims for unjust enrichment, breach of contract, and bad faith. In concluding that the district court did not err in declining to address a legal-malpractice claim in a proceeding to establish an attorney lien, the *Dorsey* court stated:

8

> The attorney-lien statute sets forth a summary proceeding to establish an attorney lien. Consideration of complex questions of professional negligence in the lien action is contrary to the legislative intent expressed in the language of the statute. Without addressing the appropriateness of bringing a legal-malpractice action, we observe that the establishment of an attorney lien in favor of Dorsey does not prevent ABCO and Grossman from bringing such an action in a separate proceeding. Indeed, a separate proceeding, when available, is preferable to the summary proceeding afforded under section 481.13.

749 N.W.2d at 423 (citations and quotation omitted).

Olean's claims for unjust enrichment, breach of contract, and bad faith involve fact issues beyond the scope of a summary proceeding to establish an attorney lien; therefore, the district court did not err in declining to address them. Because Olean's challenge to the $25,352.57 amount owed when Christensen Law withdrew from representation is based on these claims, the issue is not properly before this court.

**Affirmed in part, reversed in part, and remanded.**