*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1840**

Edward E. Greco, petitioner,
Appellant,

vs.

Leslie J. Albrecht-Greco,
Respondent.

**Filed July 21, 2014
Reversed
Halbrooks, Judge**

Dakota County District Court
File No. 19-F3-03-006709

Kristen C. Bullock, Woodbury, Minnesota (for appellant)

Leslie J. Albrecht-Greco, Eagan, Minnesota (pro se respondent)

Considered and decided by Hudson, Presiding Judge; Halbrooks, Judge; and Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant challenges a district court order modifying his child-support obligation. Appellant argues that the district court abused its discretion when it (1) sua sponte ordered him to pay 50% of his child's private-school tuition and (2) modified his child-support obligation without making the requisite findings of fact. Because we conclude

that the district court did not have the authority to sua sponte order appellant to pay 50% of his child's private-school tuition, we reverse.

## FACTS

Appellant Edward E. Greco and respondent Leslie J. Albrecht-Greco divorced in April 2004. The parties have one minor child, D.G. In the judgment and decree, the parties were awarded joint legal custody, and respondent was awarded sole physical custody. In regard to child support (1) appellant was ordered to pay $700 per month; (2) the parties were to equally divide the costs of extracurricular activities, so long as they both agreed on the activity; and (3) appellant was ordered to pay 34% of the child's day-care expenses. The parties later modified appellant's child-support obligation. In 2009, appellant's child-support obligation was reduced to $563 per month based on the amount of Social Security benefits that respondent received on the child's behalf. None of the child-support modifications approved by the district court addressed payment for private-school tuition.

D.G. has only attended private schools. D.G. first attended Knowledge Beginnings, a private kindergarten program. Next, D.G. attended Faithful Shepherd Catholic School, a private, elementary-education program. Respondent paid for D.G.'s tuition at both schools. After D.G.'s elementary education concluded, the parties disagreed on what high school the child should attend. Appellant wanted D.G. to attend Eagan High School, while respondent wanted him to attend the Academy of Holy Angels (Holy Angels).

2

On June 26, 2013, appellant moved to modify custody, seeking sole legal and physical custody. Appellant also asked the district court to order respondent to cancel D.G.'s enrollment at Holy Angels and, instead, enroll him at Eagan High School. In his motion, appellant argued that attendance at Holy Angels is not in D.G.'s best interests because he believed that the tuition at Holy Angels is too expensive for respondent to pay. Appellant argued that "because of [respondent's] financial situation [D.G.] would not be able to finish high school at Holy Angels and [would] be forced to change schools." Appellant expressed concern that this could affect D.G.'s relationships with his peers and his participation in team sports. In her affidavit, respondent admitted that she unilaterally enrolled D.G. at Holy Angels. Respondent stated that she "applied alone for financial aid to [Holy Angels]" and that she met with the school's financial aid officers and filed her taxes early. She also stated that appellant "did not contribute any tuition for the 9 years [D.G.] attended Faithful Shepherd Catholic School [and that she] never expected [appellant] to contribute to private high school as well."

On August 5, 2013, the district court issued an order, stating, in part, that D.G. "will attend" Holy Angels. In addition, the district court sua sponte ordered appellant to pay 50% of the tuition at Holy Angels. The district court made no findings of fact relating to the parties' incomes or their abilities to pay tuition at Holy Angels. Appellant requested reconsideration, which the district court denied.

Respondent subsequently moved the district court to enforce the provision of the order that required appellant to pay 50% of the tuition. The district court ordered appellant to appear and show cause why he should not be held in contempt. Appellant

moved to dismiss respondent's contempt motion and to stay the August 5, 2013 order. The district court denied appellant's motion to stay the August 5, 2013 order but stayed respondent's contempt motion pending appeal. This appeal follows.

## DECISION

Appellant challenges the district court's sua sponte order that he is responsible to pay 50% of D.G.'s tuition at Holy Angels. "The district court's modification of child support will not be reversed absent an abuse of discretion." *Rogers v. Rogers*, 622 N.W.2d 813, 822 (Minn. 2001). A district court abuses its discretion when it reaches a "conclusion that is against the logic and the facts on the record." *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn. 1999) (quotation omitted).

A district court may modify a child-support obligation upon motion of either party. Minn. Stat. § 518A.39, subd. 1 (2012). But a district court does not have the authority to modify a child-support obligation on its own initiative. *Rogers v. Rogers,* 606 N.W.2d 724, 728 (Minn. App. 2000), *aff'd in part and rev'd in part,* 622 N.W.2d 813 (Minn. 2001). Here, neither party moved to modify appellant's child-support obligation to account for D.G.'s private-school tuition, and respondent's affidavit cannot reasonably be construed as seeking such relief. Respondent's affidavit states that she applied for financial aid individually, that she has paid all of D.G.'s private-school tuition in the past, and that she "never expected [appellant] to contribute to private high school." Although the parties discussed the cost of tuition when addressing school choice, this discussion occurred in the context of discussing whether D.G.'s attendance at Holy

4

Angels is in his best interests. Appellant contended at that time that Holy Angels is not in D.G.'s best interests because *respondent* could not afford its tuition.

On this record, we conclude that the district court abused its discretion by sua sponte modifying appellant's child-support obligation. Based on our determination that the district court did not have authority to modify appellant's child-support obligation, we do not need to address appellant's second argument that the district court failed to make the requisite findings of fact when modifying his support obligation.

**Reversed.**